Fulton County Gas and Electric Company, Respondent,
  *v.* Hudson River Telephone Company, Appellant.

Pleading — effect of demurrer to counterclaim — different judicial
  decisions should not be made on the same state of facts — judg-
  ments, rendered jurisdictionally and unimpeached for fraud, are
  conclusive upon the parties thereto and their privies, as to the
  facts therein adjudicated — action by one of two co-defendants,
  against whom judgment for negligence has been obtained,
  to compel the other to pay judgment on ground that such
  defendant was solely responsible for negligence in ques-
  tion — when counterclaim by defendant in such action is
  demurrable.

Sound public policy requires that different judicial decisions shall not be
  made on the same state of facts, and that a judgment rendered juris-
  dictionally and unimpeached for fraud shall be conclusive, as to the
  questions litigated and decided, upon the parties thereto and their
  privies, whom the judgment, when used as evidence, relieves from the
  burden of otherwise proving, and bars from disproving, the facts
  therein determined.

An answer in so far as it alleges a cause of action in defendant's favor
  by way of counterclaim is not subject to the rule that a demurrer
  searches all pleadings prior thereto for the first fault therein in order
  that judgment shall be rendered against the party who committed such
  fault.

A recovery was had by a plaintiff in an action brought against this
  plaintiff, an electric light company, and this defendant, a telephone
  company, to recover for injuries sustained from this defendant's
  wires, which were charged with electric current transferred thereto by
  contact with the wires of this plaintiff. The judgment was paid by
  plaintiff, who now seeks to recover from defendant upon the ground
  of its negligent acts and omissions in the construction and mainte-
  nance of its wires. Defendant sets up counterclaims based upon pay-
  ments made by it in settlement of claims made by other persons injured
  at the same time and under the same circumstances. These payments
  were made pursuant to an agreement entered into by plaintiff and
  defendant pending the litigation in which the judgment set out in the
  complaint was obtained, which agreement was substantially that in case
  of affirmance of that judgment each of the parties hereto should pay
  stipulated sums on such settlements. *Held*, that the counterclaim herein
  did not arise out of the transaction set forth in the complaint as the

foundation of the plaintiff's claim, nor is it connected with the subject of this action.

*Fulton Co. Gas & El. Co.* v. *Hudson River Tel. Co.*, 130 App. Div. 343, affirmed.

(Argued December 7, 1910; decided January 3, 1911.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered February 4, 1909, which reversed an interlocutory judgment of Special Term overruling demurrers to counterclaims contained in the answer.

The nature of the action, the facts, so far as material, and the questions certified are stated in the opinion.

*John A. Delehanty* for appellant. The complaint does not state facts sufficient to constitute a cause of action. If, therefore, the counterclaims, or either of them, are otherwise demurrable, they are good enough counterclaims to a bad complaint, and consequently the demurrer thereto should have been overruled for that reason alone. (*Baxter* v. *McDonnell*, 154 N. Y. 432; *H. R. P. Co.* v. *U. T. Co.*, 43 Misc. Rep. 205; *Corning* v. *Roosevelt*, 11 N. Y. Supp. 758; *Parker* v. *Turner*, 8 N. Y. S. R. 500; *Williams* v. *Boyle*, 1 Misc. Rep. 364; *Little Falls* v. *Cobb*, 80 Hun, 20; 154 N. Y. 436.) Each counterclaim states facts sufficient to constitute a separate cause of action, and, consequently, the demurrer based on the negative of that proposition was properly overruled. (*Bigelow* v. *Drummond*, 98 App. Div. 499; *Cragin* v. *Lovell*, 88 N. Y. 258; *Bogardus* v. *N. Y. L. Ins. Co.*, 101 N. Y. 328; *Douglass* v. *P. Ins. Co.*, 138 N. Y. 209; *Stemmerman* v. *Kelly*, 122 App. Div. 669.) The causes of action set forth in the paragraphs of the amended answer numbered seventeenth and eighteenth, as the basis of defendant's respective counterclaims therein referred to, arose out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, and are both connected with the subject of the action and, consequently, are of the character specified in section 501 of the Code of Civil Procedure.

(*E. F. Co.* v. *C. Nat. Bank*, 30 App. Div. 476; *Cooper* v. *Kipp*, 52 App. Div. 250; *Deagan* v. *Weeks*, 67 App. Div. 410; *Neuman* v. *Wolf*, 73 App. Div. 38; *Smith* v. *Rowe*, 49 App. Div. 582; *Lehmair* v. *Griswold*, 8 J. & S. 100; *Hall* v. *Werney*, 18 App. Div. 565; *Rothschild* v. *Whitman*, 132 N. Y. 472; *Carpenter* v. *Manhattan Life Ins. Co.*, 93 N. Y. 552; *Siebrecht* v. *S. C. Co.*, 38 App. Div. 549.)

*Fred. Linus Carroll* for respondent.   The second and third questions of law certified to this court for review on this appeal should be answered in the affirmative.   It appears on the face of the counterclaims set forth in paragraphs numbered respectively seventeenth and eighteenth of the appellant's amended answer that neither of said counterclaims is of the character specified in section 501 of the Code of Civil Procedure and that neither of said counterclaims state facts sufficient to constitute a cause of action.   (*Rothschild* v. *Whitman*, 132 N. Y. 472; *Hall* v. *Werney*, 18 App. Div. 565; *Steinmetz* v. *C. R. Co.*, 94 N. Y. Supp. 456; *Marshall* v. *Friend*, 35 Misc. Rep. 101; *Ludlow* v. *McCarthy*, 5 App. Div. 517; *Cragin* v. *Lovell*, 88 N. Y. 258; *Bernsacheff* v. *Roeth*, 34 Misc. Rep. 588; *Bellinger* v. *Craigue*, 31 Barb. 534; *City of Schenectady* v. *Furman*, 61 Hun, 171; *H. R. P. Co.* v. *U. T. Co.*, 98 App. Div. 568.)

COLLIN, J.   The action is to recover the sums expended by plaintiff in paying in full the judgments recovered against the plaintiff and defendant herein, in an action against them jointly in which Nathan W. Horning was plaintiff; also the sum expended by plaintiff for the services and disbursements of its attorneys and counsel and otherwise in defending said Horning action, those sums aggregating, as alleged, $20,923.47.   The defendant demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action.   The Special Term overruled said demurrer with leave to defendant to answer.   The amended answer of defendant, served under said leave, set forth, in addition to denials and defenses, two counterclaims to each of which the

plaintiff demurred upon the two grounds that (1) the counter-claim was not of the character specified in section 501 of the Code of Civil Procedure, (2) the counterclaim did not state facts sufficient to constitute a cause of action. The Special Term rendered a judgment overruling the demurrers to the counterclaims, which the Appellate Division reversed, and the defendant has appealed to this court, under leave of the Appellate Division, which has certified four questions for determination :

"*First.* Does it appear on the face of the complaint that it does not state facts sufficient to constitute a cause of action ?

"*Second.* Does it appear on the face of the counterclaim set forth in paragraph numbered Seventeenth of the defend-ant's amended answer (I) that said counterclaim is not of the character specified in section 501 of the Code of Civil Pro-cedure ; (II) that said counterclaim does not state facts suffi-cient to constitute a cause of action ?

"*Third.* Does it appear on the face of the counterclaim set forth in paragraph numbered Eighteenth of the defendant's amended answer (I) that said counterclaim is not of the character specified in section 501 of the Code of Civil Pro-cedure ; (II) that said counterclaim does not state facts suffi-cient to constitute a cause of action ?

"*Fourth.* Is the interlocutory judgment in this case, over-ruling the demurrer to the plaintiff's complaint on the ground of insufficiency, the law of the case as to the sufficiency of the complaint ? "

The questions designated "First" and "Fourth" assume that we are permitted, under the demurrer of plaintiff to the counterclaims, to determine whether or not the complaint is defective in substance. The learned counsel for the defend-ant takes and supports with authorities the same position. Those authorities rest their conclusion upon two grounds ; the one, a demurrer searches all the pleadings prior to itself for the first fault in pleading, and, upon the trial of the issues created by the demurrer, judgment is to be given against the party who committed that first fault ; the

other, a counterclaim is a pleading in the action and to the complaint and is subject to the rule that a demurrer reaches back to the first defective pleading. The second ground cannot be sustained. A counterclaim is a statutory remedy. The Code of Procedure created it in an amendment of 1852 to subdivision 2 of section 149 thereof. Such subdivision continued unchanged until it was repealed in 1877, in consequence of the enactment of section 500 of the Code of Civil Procedure. The Code of Procedure in its section 150 contained provisions now represented by section 501 of the Code of Civil Procedure. Under the provisions of the Code of Civil Procedure, which prescribe the fabric and regulate the exercise of a counterclaim, the facts alleged as a counterclaim must be sufficient to constitute a perfect cause of action in favor of the defendant and against the plaintiff and to sustain the judgment against the plaintiff which the defendant thereby seeks and must demand. (Sections 501, 509.) They must be alleged as a counterclaim in order that they shall not be deemed a mere defense. (*Bates* v. *Rosekrans*, 37 N. Y. 409.) They may be verified as an independent pleading where the complaint is not verified. (Section 527.) They may be demurred to upon the ground that they are not sufficient to constitute a cause of action (Section 495) and must be answered by a reply in the substance and form of the answer to a complaint, if defendant shall not have, through default of plaintiff, the judgment he demands. (Sections 514, 515.) The mode of trial of an issue of fact arising upon a counterclaim is the same as if it arose in an action brought by the defendant against the plaintiff for the cause of action stated in the counterclaim and demanding the same judgment (Section 974), and the right of the defendant to any provisional remedy is the same as in an action brought by him against the plaintiff for the said cause of action; and for the purpose of applying therefor the defendant is deemed the plaintiff, the plaintiff is deemed the defendant, and the counterclaim is deemed the complaint. (Section 720). Where a plaintiff under his complaint and a

defendant under his counterclaim establish equal demands, the judgment must be in favor of defendant; where unequal demands, the judgment must be in favor of the party establishing the greater demand for the excess; where the defendant defeats the plaintiff's demand and establishes his counter claim, judgment must be rendered for the defendant accordingly, and where the defendant, in an action upon contract, where the complaint demands judgment for a sum of money only, admits the claim of plaintiff, and sets up a counterclaim. amounting to less than plaintiff's claim, the plaintiff, upon filing an admission of the counterclaim, may take judgment for the excess, as upon a default for want of an answer. (Sections 503, 504, 514.)   The plaintiff may, if the counterclaim exceeds his claim, make an offer of judgment against himself, upon which, if accepted by defendant, the clerk must enter the judgment offered. (Section 739.)   Those provisions avouch that a counterclaim passes far beyond the range of merely answering or defending against or being responsive to the complaint.   It may and frequently does admit the entire complaint and stand as the sole litigation between the parties.   The answer alleging it is, in effect, both answer and complaint, and in so far as it is a complaint, in so far as it thrusts into the pending action a cause of action in defendant's favor against the plaintiff, it is without the line of pleading started by the complaint, and which, upon demurrer, may be followed back in order that judgment shall be rendered against the party who committed the first fault.   It is just that he who does not so plead as to invite an issue cannot compel his adversary to so plead as to accept it, but it is not just that he should be compelled to accept and defend as a cause of action against him that which is not a cause of action and fails, through insufficiency of substance, to charge him with liability.   The wisdom of this conclusion may be variously illustrated.   It would not be orderly or proper that a defendant might, because of the insufficiency of the complaint, proceed against the demurring plaintiff upon plaintiff's indorsement of a promissory note

held by defendant, payment of which had not been demanded, and which had not been protested; or upon a counterclaim wholly inadmissible under section 501 of the Code of Civil Procedure. For the reasons stated, we decline to pass upon the sufficiency of the complaint and to answer the questions — designated " First " and " Fourth."

Turning now to the first subdivision of the question designated " Second." Section 501 of the Code of Civil Procedure provides that the cause of action, which an answer may contain as a counterclaim, must tend in some way to diminish or defeat the plaintiff's recovery and must be " 1. A cause of action arising out of the contract or transaction, set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action. 2. In an action on contract, any other cause of action on contract, existing at the commencement of the action." We state here, without discussion, the obvious fact that the complaint does not set forth a contract as the foundation of plaintiff's claim. The question, therefore, is, does the counterclaim arise out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, or is it connected with the subject of the action ? The complaint alleges that in July, 1903, each defendant maintained upon a street of Johnstown, N. Y., a line of wires, those of the defendant being telephone wires strung over and across those of the plaintiff which were electric lighting wires ; on July 6, 1903, a building to which wires of defendant were attached was burned, and one or more of said wires sagging came into contact with plaintiff's wires at their crossing upon said street so that an electric current was transferred from plaintiff's to defendant's wires and thereby transmitted to the place where by reason of the burning of the building they had fallen to the ground, and Nathan W. Horning came in contact with them thus charged with electricity, and was seriously injured ; plaintiff's line was in materials and workmanship properly constructed ; defendant's wires were insecurely attached to the buildings which supported them, were faulty in materials, were inadequately inspected, and at the time of the occur-

rence were idle and in their position in disobedience to the municipal authorities; of which facts the plaintiff had not and by any reasonable inspection of its own lines or wires could not have acquired knowledge; the injuries to said Horning resulted solely from the negligent acts and omissions of defendant in the construction and maintenance of its wires; in August, 1903, said Horning sued these parties jointly to recover his damages from said injuries; they separately defended, but Horning recovered a judgment against them, which the Appellate Division and this court, upon appeals, affirmed, and the judgments were collected wholly and entirely from the plaintiff here; by reason of the construction and condition of defendant's wires and the injuries to said Horning and his consequent action, plaintiff was unjustly and inequitably compelled to pay out the moneys aggregating said sum of $20,923.47 and is entitled to be indemnified in this action by said defendant and demands a judgment directing defendant to indemnify plaintiff by paying said total amount. The counterclaim in question admits the existence of defendant's wires, their crossing of the said street, their uses, the burning of the building and the consequent falling of said wires charged with electricity through contact with wires underneath them extending along the said street, the contact between said Horning and said wires and his serious injuries thereby, the suit of Horning, the appeals and judgments, substantially as alleged in the complaint. It alleged that its line of wires was of approved materials and construction; the plaintiff conducted along said street by its wires high tension currents of electricity of voltage far in excess of the capacity of its wires, likely to cause the death of any human being coming in contact therewith, and negligently maintained in divers specified particulars its line; the said negligence of this plaintiff in the construction, maintenance and operation of its lines was the primary and proximate cause of the injuries sustained by Horning; the allegations in the complaint concerning the defendant and its alleged negligence and plaintiff's alleged freedom from negligence are substantially the same as the

allegations in the pleadings in the action of Horning against these parties and were litigated in that action, in which it was determined that the plaintiff here was liable to said Horning solely because of its own fault and neglect; at the time while and the place where Horning was in contact with the wire Paul Behrendt was in contact with said wire or Horning, or with both, and thereby was seriously injured ; in August, 1903, Behrendt sued these parties jointly to recover his damages from said injury, upon facts and issues substantially the same as those involved in the Horning action ; the attorneys for the respective parties to the two actions were the same; after the entry of the judgment of the trial court and before the final determination in the Horning action the plaintiff here agreed with said Behrendt for the settlement of his claim in the event that this court affirmed the Horning judgment, and the defendant here thereafter became a party to such agreement which recited that the two actions were claimed to have arisen out of substantially the same occurrences and a liability in the one would probably be found to exist in the other and provided that in the event of said affirmance Behrendt's damages should be fixed at seven hundred and fifty dollars against each defendant separately ; each of the parties paid said sum and thereby said action was settled and discontinued and plaintiff released from all claim for damages sustained by Behrendt ; defendant paid said sum solely " on account of damages caused by negligence for which the plaintiff was primarily liable, wholly responsible, and resulting directly from and in consesequence of conditions created entirely by the affirmative wrongful acts of this plaintiff hereinbefore more particularly set forth and described."

The claim of the plaintiff is that the defendant is liable to and must pay it $20,923.47. The transaction set forth in the complaint as the foundation of that claim is the payment by plaintiff, through the coercion of the process and judgments of the courts, of that sum ; the commencement by Horning of his action and the pleadings, proceedings and judgments therein ; the facts which under the pleadings, the proof and

the submission to the jury underlie the judgments and such other and additional facts, consistent with those upon which the judgments are founded, if existing, as make the defendant liable to the plaintiff. While it is true that the complaint does not state what the facts were upon which the jury in the Horning action rendered its verdict, or what the additional facts which compel the defendant to indemnify the plaintiff are, yet, manifestly, the foundation of plaintiff's claim is that it paid the sums under the compulsion of that action against it and this defendant and the judgments therein which are set forth in the complaint and its right to indemnity therefor from the defendant. The plaintiff must in this action accept that transaction in its entirety. The facts upon which the judgment in the Horning action was recovered are an essential and ineradicable part thereof, which the plaintiff may not deny, contradict, abandon or supplant with other facts. Obviously, the defendant may not, upon the trial of this action, relieve itself from liability to the plaintiff by proving and obtaining from the jury its verdict that Horning was guilty of contributory negligence, and, therefore, not entitled to and should not have been paid by plaintiff any sum as damage ; or that the plaintiff in this action was free from any negligence or obligation through which it could have become liable to Horning. The estoppel of the judgment in the Horning action is mutual as between these parties, the defendants therein. If this defendant is by that judgment concluded on the question of Horning's damages and this plaintiff's liability, this plaintiff is concluded thereby as to the ground of its liability as found by the verdict of the jury and is not permitted to free itself from such verdict and the ground thereof or reopen the issues litigated and adjudicated in the action in which the judgment was rendered. Sound public policy requires that different judicial decisions shall not be made on the same state of facts, and that a judgment rendered jurisdictionally and unimpeached for fraud shall be conclusive, as to the questions litigated and decided, upon the parties thereto and their privies, whom the judg-.

ment, when used as evidence, relieves from the burden of otherwise proving, and bars from disproving, the facts therein determined. The plaintiff and defendant were parties to the judgment recovered against them by Horning. Each had the opportunity in that action to defend itself and the other against all liability to Horning. A notice from either to the other to assume in its behalf the defense of that action would have been superfluous and inoperative upon their rights and liabilities as between themselves; and the principle is well settled that, by notice and opportunity to defend an action, the party notified becomes a party thereto, so as to be concluded in any subsequent litigation between the same parties as to all questions determined in the action which are material to the right of recovery in the second action, and the judgment in the first action is conclusive upon the defendant in the first action in the character of plaintiff in the second action, as to the facts thereby determined; therefore, if it appears that the judgment in the Horning action was based upon a finding of fact fatal to the recovery in this action, it cannot be maintained. The judgment in the Horning action is conclusive proof that the plaintiff in this action was legally liable to Horning upon the ground adjudicated in that action, if a ground were adjudicated, in the amount of the verdict therein. The record therein may disclose a state of facts showing that the defendant is or is not liable over to the plaintiff. It may disclose that the facts through which the plaintiff demands the indemnity from the defendant were not litigated therein, and, if they were not, they may be litigated in this action through evidence not produced thereat; and if it is not clear from the record therein upon what ground damages were recovered against the plaintiff here, parol evidence is admissible to show what questions were actually litigated and decided.

The soundness of our reasoning and conclusions is sustained by authorities (*Oceanic S. N. Co.* v. *Compania Trans. Espanola*, 134 N. Y. 461; *Mayor, etc., of N. Y.* v. *Brady*, 151 N. Y. 611; *Carleton* v. *Lombard, Ayres & Co.*, 149 N. Y. 137; *Mayor, etc., of Troy* v. *Troy & L. R. R. Co.*, 49 N. Y.

657; *Prescott* v. *Le Conte*, 83 App. Div. 482; affirmed, 178 N. Y. 585), and is confirmed by the decisions of other jurisdictions. (*Boston & M. Railroad* v. *Sargent*, 70 N. H. 299; *Boston & M. Railroad* v. *Brackett*, 71 N. H. 494; *Washington Gas L. Co.* v. *District of Columbia*, 161 U. S. 316.) It is plain and certain, without further discussion, that the counterclaim under consideration did not arise out of the transaction set forth in the complaint as the foundation of the plaintiff's claim. Nor is it connected with the subject of the action, which is the right of the plaintiff to be indemnified and the obligation or duty of the defendant to indemnify it. (*Dinan* v. *Coneys*, 143 N. Y. 544; *Glen & H. Manfg. Co.* v. *Hall*, 61 N. Y. 226; *People* v. *Dennison*, 84 N. Y. 272; *Ter Kuile* v. *Marsland*, 81 Hun, 420.)

The question in the first subdivision of the question designated " Second" should be answered in the affirmative. The counterclaim set forth in paragraph numbered eighteenth of the defendant's answer is identical in substance with that in paragraph numbered seventeenth, except therein William C. Case was the person injured. Our reasoning requires, therefore, that the question in the first subdivision of the question designated " Third" should be answered in the affirmative. As the answers indicated in this opinion dispose of this appeal, it becomes unnecessary to further discuss or answer the questions in the second subdivision of each of the questions designated " Second" and " Third." The order appealed from should be affirmed, with costs to plaintiff. The questions constituting the first subdivision of each of the questions designated " Second" and " Third" are answered in the affirmative. The other questions are not answered.

CULLEN, Ch. J., HAIGHT, WERNER, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur.

Order affirmed, etc.