## H. KOEHLER & CO. v. ADAMS.

(Supreme Court, Appellate Term. April 8, 1911.)

1. ACTION (§ 60*)—SEVERANCE OF ACTIONS.
    Code Civ. Proc. § 511, providing that, where an answer expressly or by not denying admits a part of plaintiff's claim to be just, the court may order the actions severed and judgment may be entered for plaintiff for the part so admitted, does not apply where the answer pleads a counterclaim for a greater sum than it admits to be due plaintiff.
    [Ed. Note.—For other cases, see Action, Dec. Dig. § 60.*]

2. ACTION (§ 60*)—SEVERANCE—REPLY TO COUNTERCLAIM—EFFECT—WAIVER.
    Where the answer admitted plaintiff's cause of action, but counterclaimed for more than it admitted to be due plaintiff, plaintiff did not waive any right, as the right to move for a severance, by replying to the counterclaim, that being a proper method of putting it in issue, since failure to reply would have conceded defendant's right to judgment thereon.
    [Ed. Note.—For other cases, see Action, Dec. Dig. § 60.*]

3. SET-OFF AND COUNTERCLAIM (§ 29*)—RIGHT TO COUNTERCLAIM.
    Plaintiff paid a judgment for $600 rendered for defendant, which was afterwards reversed, and defendant was ordered to repay the money, but did not do so, and an execution issued on the order and was not complied with, whereupon plaintiff brought the present action for $600. The answer admitted plaintiff's cause of action, and pleaded a counterclaim arising out of the same transaction and founded on a written instrument which formed the basis of the prior action against defendant. Plaintiff replied to the counterclaim and obtained an order severing the cause of action and directing judgment for him and staying prosecution of the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

counterclaim until defendant complied with the order of restitution. *Held,* the defendant was entitled to plead his counterclaim.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Dec. Dig. § 29.*]

4. ACTION (§ 60*)—SEVERANCE.

Defendant being entitled to plead his counterclaim, it was error to direct a severance of the original action and counterclaim, as the court has no power to prevent the pleading of the counterclaim authorized by the Code.

[Ed. Note.—For other cases, see Action, Dec. Dig. § 60.*]

Appeal from City Court of New York, Trial Term.

Action by H. Koehler & Co. against Henrietta Adams, in which defendant counterclaims. From an order directing the action to be severed and entry of judgment for plaintiff, and from a judgment entered thereon, defendant appeals. Reversed, and motion denied.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

Henry Kuntz (Abraham P. Wilkes, of counsel), for appellant.

Pratt, Koehler & Russell (Jerome Koehler, of counsel), for respondent.

SEABURY, J. The defendant procured a judgment against the plaintiff for $600. The plaintiff paid the judgment. Subsequently that judgment was reversed and an order directing repayment of the money collected was duly made. The order was not complied with, and an execution issued upon it was returned wholly unsatisfied. The plaintiff then commenced the present action to recover said sum of $600. The defendant in her answer admits the cause of action alleged, and pleads a counterclaim growing out of the same transaction and founded on the same written instrument as formed the basis of the two prior actions which the plaintiff had instituted against the defendant. The plaintiff replied to the counterclaim alleged, and moved for and obtained an order in this action severing the cause of action and directing judgment for the plaintiff for the amount claimed, and staying the prosecution of the defendant's counterclaim until the defendant complies with the order of restitution. The present appeal is from that order. As the defendant has admitted the plaintiff's cause of action, we need not consider whether that action was properly brought.

[1] In so far as the order of the court below attempted to sever the action, I think it was wholly unauthorized by law. Certainly no support for the action taken can be derived from section 511 of the Code of Civil Procedure. The application of that section is limited to cases where the pleadings admit "part of plaintiff's claim to be just," and has no relation to a case where the answer pleads a counterclaim for a greater sum than it admits to be due the plaintiff. It is true that the only issue which remains to be litigated is that raised by the plaintiff's reply to the counterclaim.

[2] Nor do I think that the plaintiff can be held to have waived any right by replying. A failure to reply would have conceded the defendant's right to judgment upon the counterclaim. Section 515, Code Civ. Proc. When the defendant pleaded the counterclaim, the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

only alternative open to the plaintiff was to demur, reply, or offer to compromise under section 739 of the Code. By serving a reply the plaintiff selected the proper method of putting the facts alleged in the counterclaim in issue. Fulton County Gas & El. Co. v. Hudson River Tel. Co., 93 N. E. 1052.

[3] Although in view of the admission of the cause of action set out in the complaint the issue raised by the reply to the counterclaim is the sole subject of litigation, it is I think nevertheless true that the counterclaim was properly interposed. I do not think that the defendant should be prohibited from pleading any counterclaim that she may have when the plaintiff again attacks her by bringing another action. The plaintiff has already stayed another independent action which the defendant has brought against the plaintiff, but is not satisfied to rest upon that stay, but has also instituted the present action. When the plaintiff instituted the present action, it seems to me that it waived the right to object to the defendant's pleading any defenses or counterclaims which she might have. The defendant having availed herself of this right and pleaded a counterclaim, I know of no method prescribed by law under which the plaintiff can recover judgment for the amount due it, without according to the defendant an opportunity to prove her counterclaim. While the counterclaim is not a defense, it would, if established, nevertheless serve to defeat the whole claim of the plaintiff. To permit the defendant to prove her counterclaim does not give her the aid of the court in any onward movement in the action. It simply permits her to repel an attack by the assertion of an independent claim which is in excess of the amount of the plaintiff's claim. To concede that the defendant should have obeyed the order of restitution is merely to admit that the plaintiff has a good cause of action against the defendant, but it may well be as alleged by the defendant that the plaintiff is indebted to the defendant in excess of the amount due from the defendant to the plaintiff. The law contemplates that such a controversy shall be terminated in one action, and to this end permits a defendant to plead as many counterclaims as he may have. We know of no barriers to the interposition of a counterclaim other than those prescribed by statute. [4] If the counterclaim is of such a nature as the Code authorizes to be pleaded, I think the court is without power to deny the exercise of this right. When the counterclaim is itself legally sufficient, the court has no power to strike it out, and in such a case as this, where the defendant claims an amount in excess of the amount admitted to be due the plaintiff, there is, as we have seen, no power in the court to order that the action be severed and judgment directed for the plaintiff.

In my opinion the judgment and order appealed from should be reversed, with costs, and the motion should be denied, with $10 costs.

BIJUR, J., concurs. LEHMAN, J., concurs in result.