(82 Misc. Rep. 486.)

### CUNNINGHAM v. PLATT et al.

(Supreme Court, Special Term, Erie County. November 14, 1913.)

1. PLEADING (§ 350*)—MOTION FOR JUDGMENT ON PLEADINGS—DETERMINATION.

   A motion for judgment on the pleadings authorized by Code Civ. Proc. § 547, is to be determined by the same rules that would govern the motion if made at the trial.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1053, 1054, 1070–1077; Dec. Dig. § 350.*]

2. PLEADING (§ 146*)—COUNTERCLAIM—NEW MATTER IN DEFENSE.

   Where, in a suit to quiet title, defendant pleaded certain facts as a "first, separate, and further defense," the matter could not be treated as a counterclaim because of a demand in defendant's answer for affirmative relief.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 294–296; Dec. Dig. § 146.*]

3. QUIETING TITLE (§ 39*)—ANSWER—COUNTERCLAIM—NEW MATTER.

   In a suit to quiet title, an allegation in defendant's answer that the common source of title died intestate leaving surviving a widow and defendant, his granddaughter and only heir; that on a specified date the widow died and prior to the action plaintiff unlawfully entered into possession of the premises without defendant's leave or any right thereto, and unlawfully withheld possession from defendant to her damage, etc., was insufficient to constitute a cause of action against plaintiff or sustain a judgment in favor of defendant for possession of the premises, both of which are essential elements of counterclaim.

   [Ed. Note.—For other cases, see Quieting Title, Cent. Dig. § 80; Dec. Dig. § 39.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. PLEADING (§ 95*)—DEFENSE—COUNTERCLAIM—PRIOR DENIALS.

Matter pleaded in an answer as a separate and further defense, whether considered as a defense or a counterclaim, cannot be helped out by anything contained in denials made in another part of the answer, but not repeated or incorporated by reference, under the rule that each separate defense pleaded must be complete in itself and contain all that is necessary to answer the whole cause of action, or that part which it purports to answer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 193; Dec. Dig. § 95.*]

5. PLEADING (§ 129*)—ANSWER—AFFIRMATIVE DEFENSE—ADMISSIONS.

Allegations of a complaint not denied in the affirmative defense pleaded are to be deemed admitted.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 270–275; Dec. Dig. § 129.*]

Action by Henry S. Cunningham against Mary W. Platt and others. Motion for judgment on pleadings. Denied.

James E. Paxon, of Akron (Charles Diebold, Jr., of Buffalo, of counsel), for plaintiff.

D. Macon Webster, of New York City, for defendant Mary W. Platt.

WOODWARD, J. The plaintiff brings this action to quiet title to certain real estate in the town of Clarence, Erie county, and alleges that he is now, and for years previous to the commencement of this action has been, the owner in fee and in the possession of the premises known as parcel No. 1. (There is a second parcel involved in the action, but there is no controversy as to this; none of the defendants appearing.) The complaint sets out that the plaintiff "acquired the title, ownership, and possession of the above-described premises by purchase from Margaret W. Cunningham, who conveyed the same to the plaintiff by warranty deed dated March 20, 1911," and duly recorded in the county clerk's office; and on information and belief that on or about May 1, 1839, one John Jackson was the owner in fee of parcel No. 1, and thereafter, and some time prior to the 1st day of November, 1844, said John Jackson duly conveyed parcel No. 1 of the above-described premises to Hiram Gardner by deed, but that the said deed was not recorded and that a diligent search fails to discover the same; that thereafter, and on or about the 1st day of November, 1844, the said Hiram Gardner and Sarah A. Gardner, his wife, duly granted and conveyed parcel No. 1 to James M. Hunt by warranty deed dated on that day and duly recorded in the county clerk's office; that continuously since prior to the 1st day of November, 1844, when Hiram Gardner acquired the ownership, title, and possession of said parcel No. 1 from said John Jackson, the said Hiram Gardner, his grantees of and their successors to the ownership, title, and possession of said parcel and premises, who were the plaintiff's predecessors, and this plaintiff have held and possessed the said premises adversely to the said John Jackson, his heirs and devisees, and all persons claiming any estate or interest in said premises, or any part thereof, from, through, and under them or any of them, and generally that the said

John Jackson, and his heirs, have made no claim of ownership in said premises; that on or about the 17th day of April, 1875, the said John Jackson died at Lockport, intestate, leaving his widow and the defendant Mary W. Platt, his granddaughter, and no other heirs, and that the widow died in the year 1902. The plaintiff then declares his desire to sell the premises, and that because of the defect in the record title he is unable to do so, disclaims any personal claim against any of the many defendants, except such as shall assert a claim adverse to the plaintiff, and asks for judgment confirming his title.

The defendant demurred to the complaint upon several grounds, among them that the complaint did not state facts sufficient to constitute a cause of action, and upon the demurrer coming on for argument the parties stipulated that the defendant might withdraw the demurrer and answer without costs, upon an intimation of the court that the demurrer would be overruled, whereupon the defendant answered, denying the material allegations of the complaint, with some exceptions not material to be noted here, and "for a first, separate, and further defense, so far as concern the said parcel No. 1," made the following allegations:

"On information and belief, that on or about May 1, 1839, the said John Jackson was the owner in fee and in possession of the premises described as parcel No. 1 in the complaint; that on or about April 17, 1875, said John Jackson died, intestate, leaving him surviving Calesta Jackson, his widow, and this defendant, Mary W. Webster, his granddaughter and only heir; that on or about September, 1902, said Calesta Jackson died; that prior to the commencement of this action the plaintiff unlawfully entered into possession and actual occupancy of the premises described as parcel No. 1 aforesaid, without leave of this defendant or any right or title thereto, and unlawfully withholds the possession thereof from this defendant to her damage."

The demand for judgment is the dismissal of the complaint, "and for possession of the premises described as parcel No. 1 as aforesaid, and for such other and further relief as may be just, with the costs of this action."

[1] The plaintiff moves for judgment upon the pleadings under the provisions of section 547 of the Code of Civil Procedure, but limits the request to the dismissal of the "alleged counterclaim set forth in the answer," a practice which seems questionable. The purpose of the statute is to permit of a judgment disposing of the action on the same grounds and governed by the same rules as though the motion had been made at trial. Mitchell v. Dunmore Realty Co., 135 App. Div. 583, 585, 120 N. Y. Supp. 771, and authority there cited. It seems to be conceded that the answer, by its denials, raises some issues to be disposed of, for the plaintiff in his brief says that he "does not seek by this motion to affect the issues created by the denials in the answer of allegations of the complaint," but that what "the plaintiff desires to do is to eliminate the alleged counterclaim from the answer so that there may be a speedy trial of the issues raised by the complaint and denials of the answer at the equity term of this court commencing December 1, 1913."

[2] But there is no counterclaim alleged. The pleader does not pretend to set forth a counterclaim; he says distinctly that he is plead-

ing "for a first, separate, and further defense," and it has been re- peatedly held that, where new matter is set forth as a defense, it can- not be treated as a counterclaim. First Nat. Bank v. Slattery, 4 App. Div. 421, 424, 38 N. E. 859, and authorities there cited; Fulton Coun- ty G. & E. Co. v. Hudson River T. Co., 200 N. Y. 287, 291, 93 N. E. 1052, and authority there cited.

[3] Moreover, the pleading is not in form a counterclaim, notwith- standing the fact that the pleader asks for an affirmative judgment, because it is necessary to a counterclaim not only that it shall be an- nounced as such, but that the facts alleged as a counterclaim must be sufficient to constitute a perfect cause of action in favor of the de- fendant and against the plaintiff and to sustain the judgment which the defendant thereby seeks and must demand. Fulton County G. & E. Co. v. Hudson River T. Co., supra.

[4] It is entirely obvious that the new matter set up as a defense is not sufficient to constitute a cause of action against the plaintiff, or to sustain the judgment which is asked, and it cannot, whether con- sidered as a defense or a counterclaim, be helped out by anything con- tained in the denials.

[5] The allegations of the complaint not denied in the affirmative defense are to be deemed admitted. The affirmative defense is to be treated as a separate pleading, and the defendant is not entitled to have the benefit of any denials made in another part of the answer unless repeated or incorporated by reference and made a part of the affirmative defense. Eells v. Dumary, 84 App. Div. 105, 107, 82 N. Y. Supp. 531, and authorities there cited. Each separate defense pleaded must be complete in itself and contain all that is necessary to answer the whole cause of action, or that part of it which it pur- ports to answer. Haffen v. Tribune Association, 126 App. Div. 675, 677, 111 N. Y. Supp. 225, and authority there cited.

It appears, therefore, that this so-called counterclaim has very little tangible existence; it does not constitute a counterclaim, and it is not sufficient as a defense to the whole cause of action, nor to any specific part thereof. If it was all admitted, it could not sustain a judgment in favor of the defendant, nor would it meet the requirements of a defense to the action; for, if the plaintiff establishes the matters which are alleged in the complaint and denied in the answer, he will be entitled to the relief demanded, even though all of the facts al- leged as a defense were true, excluding of course, the pleader's con- clusions of law.

If we are right in this proposition, the plaintiff already has the ben- efit of the exclusion of this so-called counterclaim; it has no place in the trial of the action, which must depend upon the plaintiff's ability to support the allegations of his complaint, as against the denials of the defendant.

The motion for judgment upon the pleadings must be denied, with costs.