Hudson Valley Railway Company, Plaintiff, *v.* Mechanicville Electric Light and Gas Company, Defendant.

(Supreme Court, Saratoga Trial Term, September, 1917.)

Trial — action to recover for loss of horse — negligence — judgments — nonsuit — evidence — jury.

At the time of the killing of a horse belonging to A, by coming in contact with a live telephone wire belonging to plaintiff herein which had burned and fallen so that the ends reached the ground, the defendant was maintaining a heavily charged electric light wire just above the telephone wire and which sagged thereon. In an action to recover for the loss of the horse, which resulted in a judgment in favor of plaintiff therein, notice to defend was served on defendant herein, but it did not, and it appeared without contradiction that the defendant in that action knew that the electric light wire sagged and that it did nothing to protect its wire, and by the charge to the jury defendant's liability was predicated upon its knowledge of the danger of the situation, coupled with its failure to exercise proper precautions to prevent accident. The defendant against whom the judgment was recovered paid it, and brought the present action to recover the amount paid, claiming that

the death of the horse was caused primarily by the negligence of the defendant in the present action, and on the trial, over objection, plaintiff herein was permitted to show that it did exercise some precautions to protect its wires from the electric light wire. Pending the decision of a motion for nonsuit at the close of plaintiff's case and at the close of all the evidence, the jury on the submission of certain questions found that the accident was caused by the contact of the wires; that plaintiff exercised reasonable care; that defendant did not; that its negligence was the prime and efficient cause of the accident and that the damages were a certain sum. On granting defendant's motion for a nonsuit, *held,* that, as the action was based upon the judgment rendered in the action to recover for the loss of the horse, plaintiff herein could not deny or contradict the facts upon which that judgment was recovered with other facts but must accept the findings there made upon the questions there litigated and determined.

That the answers of the jury to the questions submitted relating to plaintiff's care and to the primal and efficient cause of the accident must be set aside on the law.

ACTION for negligence.

James McPhillips, for plaintiff.

Robert Frazier, for defendant.

WHITMYER, J.  A horse, belonging to one Florence McMahon, was killed on South Main street, in Mechanicville, N. Y., on September 27, 1913, by a current of electricity from plaintiff's telephone wire, which had been burned in two and had fallen, so that the ends reached the ground. The horse came in contact with it. At the time of the occurrence, defendant was maintaining a heavily charged electric light wire just above the telephone wire and this had sagged upon it. After the occurrence, Mrs. McMahon brought an action for negligence against plaintiff to recover for the loss of the horse. Plaintiff served notice upon defendant to defend, but defendant did not. The

action resulted in a judgment against plaintiff for
$355.60, which plaintiff paid, without taking an appeal.
And plaintiff has now brought this action against
defendant to recover the amount paid, with interest
from November 13, 1915, claiming that the death of
the horse was caused primarily by the negligence of
defendant. On the other trial, it appeared without
contradiction that this plaintiff knew that the electric
light wire had sagged and that it did nothing to pro-
tect its wire. Upon that, the court charged the jury
as follows: '' Now you have heard the evidence of
the witness for the defendant that the defendant com-
pany knew that these electric light wires did sag and
that they did not protect their telephone wire from the
electric light wires. In the exercise of reasonable
prudence should they have done it? If you determine
that they should, then find a verdict for the plaintiff
in the sum of $225.00. If you determine that they
were not called upon to do anything but took the
chance of their wires being burned off and falling
down in the street injuring somebody, why then find
for defendant.'' So that plaintiff's liability was pred-
icated upon its knowledge of the danger of the situa-
tion, coupled with its failure to exercise proper pre-
cautions to prevent accident. On this trial, plaintiff
was permitted to show, under objection, that it did
exercise some precautions to protect its wire from the
electric light wire. Defendant moved for a nonsuit
at the close of plaintiff's case and at the close of the
evidence. Decision was reserved and, pending same,
certain questions were submitted to the jury, which
found that the accident was caused by the contact of
the wires, that plaintiff exercised reasonable care,
that defendant did not, that defendant's negligence
was the prime and efficient cause of the accident, and
that the damage was $373.38. Defendant then

renewed its motion for a nonsuit and plaintiff moved for a general verdict.

The action is based upon the judgment in the McMahon case. That being so, plaintiff may not deny or contradict the facts, upon which it was recovered, with other facts, but must accept the findings there made upon the questions there litigated and determined. *Fulton County Gas & Electric Co.* v. *Hudson River Tel. Co.,* 200 N. Y. 287, 296; *Larkin* v. *Terminal Warehouse Co.,* 161 App. Div. 262. Judge Collin, writing in the former case, says: " The facts upon which the judgment in the Horning action was recovered are an essential and ineradicable part thereof, which the plaintiff may not deny, contradict, abandon or supplant with other facts. * * * If this defendant is by that judgment concluded on the question of Horning's damages and this plaintiff's liability, this plaintiff is concluded thereby as to the ground of its liability as found by the verdict of the jury and is not permitted to free itself from such verdict and the ground thereof or reopen the issues litigated and adjudicated in the action in which the judgment was rendered." In the McMahon action, the jury found that this plaintiff knew about the dangers of the situation and that it failed to do anything to guard against same. The questions relating to this defendant's negligence and to the liability as between these parties were not litigated. In this action, the findings are that this plaintiff exercised reasonable care, that this defendant did not, and that defendant's failure so to do was the primal cause of the accident. The finding as to defendant was based upon its knowledge of the situation and its failure to guard against same. While the question of the liability as between these parties may be litigated here, through evidence not produced in the other action, nevertheless, the

facts found there may not be contradicted, but are controlling here. The parties, then, are *in pari delicto. Larkin* v. *Terminal Warehouse Co., supra.* So that the answers here to the questions relating to this plaintiff's care and to the primal and efficient cause of the accident must be set aside, on the law, and defendant's motion for a nonsuit must be granted.

Motion granted.