ANNA WAGECK, Plaintiff, v. THE TRAVELERS INSURANCE COMPANY, Defendant.

(Supreme Court, Kings Special Term, July, 1919.)

Pleading — separate defense must be tested by demurrer — motions and orders — Code Civ. Pro. § 976.
Insurance (life) — action to recover proceeds of a policy of — pleading — judgments — determination of ownership of property taken by alien property custodian — "Trading with the enemy Act," § 7(e).

Whether a separate defense is sufficient in law must be tested by demurrer and the issue may be brought on for hearing by a notice of trial or as a contested motion under section 976 of the Code of Civil Procedure and an interlocutory judgment may be rendered sustaining or overruling the demurrer as the case may require.

In such case also a motion may be made for judgment on the pleadings after demurrer, and the court may grant a judgment of a similar nature in favor of the moving party only; otherwise the motion must be denied unless both parties move.

No judgment on the pleadings can be rendered with respect to a separate defense, in the absence of a demurrer thereto.

The rule in this state that denials of allegations of matters

5

Supreme Court, July, 1919.          [Vol. 108.

of public record are frivolous does not apply to matters of record in the office of a federal executive official like the alien property custodian.

Where in an action to recover the proceeds of a policy of life insurance, a separate defense pleaded as a complete defense alleges that the sum due under the policy was demanded by and paid over to the alien property custodian pursuant to the "Trading with the enemy Act" approved October 6, 1917, denials in a reply either absolute or of knowledge or information sufficient to form a belief and also other matters in avoidance are good.

The admitted payments to the alien property custodian being less than the amount of the proceeds of the policy as claimed by plaintiff, although a good defense as to the amount paid, is no defense to an action for the excess, and notwithstanding such defense plaintiff was entitled to prosecute the present action to judgment on proof that she was entitled to said excess. So held on defendant's motion for judgment on the pleadings.

The "Trading with the enemy Act" providing for the correction of errors made in the determination of the ownership of any property taken by the alien property custodian and section 7(e) thereof seeming to make a payment to him in pursuance of a demand an absolute bar to an action against him, his determination that property taken is that of an alien enemy even though erroneous and made without investigation as required by the statute, was an absolute protection to him in making the payment.

*It would seem* that plaintiff cannot recover any part of the proceeds of the policy shown on the trial to have been paid to the alien property custodian pursuant to his demand, but that plaintiff, not claimed to be an alien enemy, may after filing the notice of claim required by section 9 of the statute either apply to the president for payment of the amount or bring an action in the District Court of the United States.

CROSS MOTIONS for judgment on the pleadings.

Henry Schoenherr, for plaintiff.

William J. Moran, for defendant.

BENEDICT, J. Both plaintiff and defendant have moved for judgment on the pleadings, consisting of complaint, answer and reply. The plaintiff by her motion seeks to test the sufficiency of the second separate defense contained in the answer. The defendant by its motion seeks to test the sufficiency of the reply.

The plaintiff's motion is not well made. The only method under the Code of bringing up the question of the sufficiency in law of a separate defense is by demurrer thereto. The issue of law raised by such a demurrer may be brought on for trial by notice of trial, or as a contested motion under section 976 of the Code, and interlocutory judgment may be rendered sustaining or overruling the demurrer as the case may require. A motion in such a case may also be made for judgment on the pleadings after demurrer interposed, and the court may upon such motion grant a judgment of a similar nature in favor of the moving party only, if he be entitled thereto. Otherwise the court must deny the motion unless both parties move. In the absence of a demurrer to a separate defense there is no sort of judgment that can be rendered on the pleadings with respect thereto. See *Cunningham* v. *Platt,* 82 Misc. Rep. 486. The plaintiff's motion will, therefore, be denied.

Taking up the defendant's motion, it appears from the complaint that this is an action to recover the proceeds of a policy of life insurance under which plaintiff claims as the beneficiary designated by the assured, whose decease during the continuance of the contract of insurance is alleged. The defendant sets up as a second separate defense that the sum due under the policy was demanded by and paid over to the alien property custodian pursuant to the act of Congress

known as the "Trading with the enemy Act."
approved October 6, 1917. To this defense a reply
has been served consisting of denials either absolute
or of knowledge or information sufficient to form a
belief, and also new matter in avoidance. It is the
sufficiency of this reply that defendant seeks to bring
up by its motion. Such motion is properly made,
because, if the defense be, as claimed by the defend-
ant, an absolute bar to the prosecution of the action,
and if the reply be insufficient in law, then judgment
dismissing the complaint can be rendered on the
pleadings.

I will consider first the denials of knowledge or
information sufficient to form a belief as to the allega-
tions of the second separate defense that the alien
property custodian did demand the sum due on said
policy, and that the defendant did pay it to him. These
denials are claimed to be bad under the well-recog-
nized rule in this state that denials of allegations of
matters of public record are frivolous. I think that
this doctrine does not apply to matters of record in
the office of a Federal executive official, like the alien
property custodian, but only to matters recorded
in public recording offices, or in the offices of clerks
of courts, tax offices and the like. I have not been
referred to any provision of statute, nor have I found
any provision, making the records of the alien
property custodian public records.

It is true that under section 7 (c) of the "Trading
with the enemy Act, " as amended by the act approved
November 4, 1918 (Chap. 201, § 1), a "requirement"
made by the alien property custodian may be filed,
registered or recorded in any office for the filing,
registering or recording of conveyances and transfers
of the property or rights affected by such require-
ment. But there is no public office for the recording

of transfers of property such as is here in question, and there is no allegation in the answer that the demands alleged were recorded anywhere. I think the denials referred to are good.

I think also that the second defense is not well pleaded because it is pleaded as a complete defense, whereas, if plaintiff should establish her cause of action for the full amount claimed by her, it is only a partial defense. The payment to the alien property custodian of the sum admitted by defendant to be the proceeds of the policy, being less than the amount of such proceeds as claimed by the plaintiff, although it is, as I shall presently point out, a good defense as to the amount paid, is no defense against an action for the excess; and plaintiff is, notwithstanding such defense, entitled to prosecute this action to judgment, and to recover such excess, if she shall show on the trial that she is entitled thereto.

Although these conclusions dispose of the defendant's motion for judgment on the pleadings, I deem it proper to add that I incline to the opinion that the plaintiff cannot recover any part of the proceeds of the policy which may be shown on the trial to have been paid to the alien property custodian pursuant to his demand. The provisions of section 7 (e) of the " Trading with the enemy Act " seem to make a payment to the alien property custodian, in pursuance of a demand under subsection (c), an absolute bar to an action against the person making such payment. The determination of the alien property custodian that the property is the property of an alien enemy, even though erroneous and even though made without the investigation required by subsection (c), is an absolute protection to the person making the payment or delivering or conveying the property demanded. The act itself contains provisions (§ 9) for the correction

of any errors which may be made in the determination of the ownership of any property so taken, and the plaintiff, who is not claimed to be an alien enemy, may prosecute her claim by filing the notice required by that section and thereafter applying to the president for the payment of the amount, or bringing an action in the United States District Court. These views would seem to be supported by the learned opinion of District Judge Knox, of the Southern District of New York, in the recent case of *Salamandra Ins. Co.* v. *New York Life Ins. & Trust Co.,* 254 Fed. Repr. 852. I have read with great interest and profit the learned and strong opinion of Vice Chancellor Lane of New Jersey recently delivered in the case of *Keppelman* v. *Keppelman,* 105 Atl. Repr. 140, which expresses somewhat different views upon the question here discussed, but I am not now prepared to subscribe to them. Both motions are therefore denied. No costs.

Motions denied. No costs.