LILLIAN ALBERTSON MACLOON, Plaintiff, *v.* ABRAHAM J. LEVY and Others, Defendants.

Supreme Court, New York County, April 6, 1928.

**Pleadings — counterclaim — action in equity to establish lost instrument — counterclaim on promissory note cannot be interposed under Civil Practice Act, § 266 — counterclaim dismissed.**

A counterclaim on a promissory note claimed to have been made and delivered to defendant by plaintiff cannot be interposed in an action in equity to establish a lost instrument since said counterclaim does not tend to diminish or defeat plaintiff's recovery, within the meaning of section 266 of the Civil Practice Act and, therefore, it should be dismissed.

Since a motion to dismiss or strike out a counterclaim does not search the record defendant's claim that the motion to dismiss the counterclaim must be denied because the complaint fails to state a cause of action is without merit.

MOTION by plaintiff to dismiss counterclaim pleaded in the answer of defendant Abraham J. Levy on the ground that the said counterclaim is not one which may be properly interposed in this action.

*Talley & Lamb,* for the plaintiff.

*Ernst, Fox & Cane* [*Melville H. Cane* of counsel], for the defendant.

FRANKENTHALER, J.   The action is brought in equity to establish a lost instrument.   The counterclaim on a promissory note alleged to have been made and delivered to defendant by plaintiff is, therefore, improperly interposed, since it does not " tend to diminish or defeat the plaintiff's recovery " as required by section 266 of the Civil Practice Act.   The motion to dismiss the counterclaim is, therefore, granted.   Defendant's argument that the motion to dismiss the counterclaim must be denied, because the complaint fails to set forth a cause of action, is without merit, since a motion to dismiss or strike out a counterclaim does not search the record. (*Fulton County G. & E. Co.* v. *Hudson River T. Co.,* 200 N. Y. 287; *Hull* v. *Hull,* 225 id. 342.)   It is accordingly unnecessary to consider the sufficiency of the complaint.

Order signed.