■ CTN REALTY CORPORATION, Appellant, v EDWARD E. GLADSTONE, INC., Respondent.—In an action, *inter alia,* to recover damages for negligence and fraud, plaintiff appeals (1) from an order of the Supreme Court, Nassau County (Roberto, J.), dated August 21, 1984, which granted defendant's motion to dismiss each of plaintiff's causes of action as barred by the doctrine of res judicata, and (2) from a judgment of the same court, dated October 9, 1984, entered upon said order.

Appeal from the order dated August 21, 1984 dismissed *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

Judgment affirmed.

Respondent is awarded one bill of costs.

In a previous action, the defendant, a real estate brokerage firm, recovered from the plaintiff a brokerage commission which was earned upon the defendant's procurement of a purchase offer for plaintiff's property at a price and upon terms as specified by the plaintiff. In that action the present plaintiff had contended that defendant was not entitled to a commission due to its misconduct and disloyalty. In the instant case, plaintiff seeks to recover damages based on defendant's alleged misconduct and disloyalty. Upon defendant's motion, Special Term dismissed each of plaintiff's causes of action as barred by the doctrine of res judicata.

We affirm. The issues which plaintiff now seeks to litigate were both fully litigated and necessarily determined in the previous action. "[A] judgment rendered jurisdictionally and unimpeached for fraud shall be conclusive, as to the questions litigated and decided, upon the parties thereto and their privies, whom the judgment, when used as evidence, relieves from the burden of otherwise proving, and bars from disproving, the facts therein determined" (*Fulton County Gas & Elec. Co. v Hudson Riv. Tel. Co.*, 200 NY 287, 296-297). In the prior action, the purchase offer which provided the basis for the suit was proven to be entirely valid, and the defendant's conduct as plaintiff's employee was found to have been wholly proper. The plaintiff was afforded a full and fair opportunity to litigate these issues in the prior action and, accordingly, is now barred from relitigating them in the instant action (*see, Schwartz v Public Administrator of County of Bronx*, 24 NY2d 65). Mollen, P. J., Bracken, Niehoff and Eiber, JJ., concur.