FULTON COUNTY GAS & ELECTRIC CO. v. HUDSON RIVER. TELE-
PHONE CO.

(Supreme Court, Appellate Division, Third Department. January 22, 1909.)

1. COURTS (§ 99*)—LAW OF THE CASE.

The doctrine of res judicata cannot be applied to a complaint, demur-
rer to which was overruled with leave to withdraw it and to answer, so
as to preclude subsequent attack on the complaint, after defendant avail-
ed itself of such leave, and defendant can raise any objection to mainte-
nance of the action which he did not waive by answering.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 99.*]

2. PLEADING (§ 217*)—DEMURRER—EFFECT.

A demurrer searches the whole record and reaches back to condemn the
first pleading that is defective.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 540–548; Dec.
Dig. § 217.*]

3. INDEMNITY (§ 13*)—JOINT TORT-FEASORS.

The rule that one of two joint tort-feasors cannot sue the other does
not apply, where one does the act or creates the condition, and the other
does not join in; they not being in pari delicto, though as to third per-
sons either may be held.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. §§ 29–32; Dec.
Dig. § 13.*]

4. INDEMNITY (§ 13*)—JOINT TORT-FEASORS.

A cause of action is shown in plaintiff's favor against defendant through
the facts: That, after plaintiff electric company constructed its line, de-
fendant telephone company erected wires over plaintiff's wire in a speci-
fied defective manner; that defendant took no precaution to prevent the
wires from sagging in contact with plaintiff's; that a building to which
defendant's wires were attached burned, and the wires of the two com-
panies came in contact, resulting in personal injury; that for some time
defendant's wires had not been used; that it had been notified to remove
the wires by owners of buildings to which they were attached, but had re-
fused to do so; that plaintiff did not know or have any means of know-
ing of the defective condition; that plaintiff was not negligent; that the
person injured recovered judgment against both companies; and that
through an unjust arrangement between defendant and such person the
judgment was collected from plaintiff.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. §§ 29–32; Dec.
Dig. § 13.*]

5. INDEMNITY (§ 15*)—JOINT TORT-FEASORS—COUNTERCLAIMS.

In an action to recover the amount of a judgment recovered against
plaintiff and defendant for negligent injury, and paid by plaintiff, coun-
terclaims for amounts paid in settlement of actions by other persons grow-
ing out of the same accident were insufficient, where they did not show
that defendant was not actually connected with the act or omission which
caused the injuries for which it was compelled to pay.

[Ed. Note.—For other cases, see Indemnity, Dec. Dig. § 15.*]

Appeal from Special Term, Fulton County.

Action by the Fulton County Gas & Electric Company against Hud-
son River Telephone Company. From an interlocutory judgment for
defendant (60 Misc. Rep. 247, 113 N. Y. Supp. 22), plaintiff appeals.
Reversed.

Argued before SMITH, P. J., and CHESTER, KELLOGG,
COCHRANE, and SEWELL, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Fred. Linus Carroll, for appellant.

John A. Delehanty, for respondent.

SEWELL, J.   This action was brought to recover the amount paid by the plaintiff in satisfaction of a judgment rendered in an action for negligence brought by one Nathan W. Horning against the plaintiff and the defendant for personal injuries received from a current of electricity, and for the expenses incurred in defending that suit.   The defendant demurred to the complaint upon the sole ground that it appeared upon the face thereof that it did not state facts sufficient to constitute a cause of action.   The demurrer was overruled, with leave to withdraw the demurrer and answer, and an interlocutory judgment was entered in accordance with the decision.   The defendant availed itself of this leave and answered, setting up two counterclaims for the amounts paid by it in settlement of actions brought by other parties against the plaintiff and defendant, to recover damages for personal injuries received at the same time and place that Horning was injured, and by coming in contact with the same wire.   The plaintiff demurred to each of the counterclaims, upon the ground that it is not of the character specified in section 501 of the Code of Civil Procedure, and that it does not state facts sufficient to constitute a cause of action.   The demurrer was overruled at Special Term, and the judgment appealed from was entered.

The defendant's counsel attacks the complaint, insisting that it does not state facts sufficient to constitute a cause of action.   In reply, the plaintiff contends that the sufficiency of the complaint was determined and became res adjudicata on the decision of the demurrer.   The defendant claims that when the answer was served the demurrer was out of the case.   It was held in Brown v. Saratoga Railroad Co., 18 N. Y. 495, that a demurrer, which a party has abandoned, like a pleading which has been amended, is no longer a part of the record.   The same was held in Wheelock v. Lee, 74 N. Y. 495, where the court added:

"It is not available to either party for any purpose, and the fact that it was once interposed does not preclude the defendant from setting up the facts which he might originally have set up by way of answer, showing want of jurisdiction."

This rule was also announced in Parsons v. Hays, 50 N. Y. Super. Ct. 29; Smith v. Britton, 2 Thomp. & C. 498; Hayes v. Kedzie, 11 Hun, 577; Village of Little Falls v. Cobb, 80 Hun, 25, 29 N. Y. Supp. 855; and McCullough v. Pence, 85 Hun, 271, 32 N. Y. Supp. 986.

It is quite manifest from these authorities that the doctrine of res adjudicata does not apply to this case, and as a demurrer searches the whole record and reaches back to condemn the first pleading that is defective (Baxter v. McDonnell, 154 N. Y. 432, 48 N. E. 816), the defendant can raise any objection to the maintenance of the action which he did not waive by answering.

The question is therefore presented whether it states facts sufficient to constitute a cause of action.   The complaint in this case alleges: That it is an electric light and power company and has for many years maintained a line of poles and wires for the transmission of electricity

in the streets of the city of Johnstown, under a franchise from the city; that several years after the construction of plaintiff's line, the defendant erected a telephone line which crossed West Montgomery street above the plaintiff's wires; that the method and material used by the defendant were defective; that the wires were insecurely attached to the roofs of wooden buildings, instead of poles, by insulated pins, rather than approved brackets, and except as so attached were entirely unsupported; that the spans of wire were of extraordinary and improper lengths; that no precaution was taken by the defendant to prevent its wires from falling or sagging down and coming into contact with the plaintiff's wires at said crossing; that one of the buildings to which the defendant's wires were attached was destroyed by fire, and the telephone wires fell or sagged, until they came into contact with the plaintiff's wire at the crossing; and that the electric current was diverted to and transmitted along the telephone wire to one Nathan W. Horning, and he was injured. The complaint also alleges: That for several years preceding the accident the telephone wires, extending over and across the plaintiff's line on Montgomery street, were unused and without electric connection; that in the year 1901 the defendant was notified and directed by the owners of the buildings to which the wires were attached, and by the proper municipal authorities of the city of Johnstown, to take them down and remove them; that the defendant neglected and refused to comply with said notice and direction until after the 6th day of July, 1903, when Horning was injured; that the plaintiff had no knowledge or means of knowing of the condition of the defendant's wires, or of the method and material adopted and used in constructing and maintaining them; that the injury resulted solely from, and was caused solely by, the negligence of the defendant in constructing and maintaining its line, and not by reason of any act or omission of the plaintiff. It alleges that an action was commenced by Horning against the plaintiff and defendant to recover damages for the injury, that Horning recovered a judgment against them which was affirmed by the appellate courts, and that in pursuance of an unjust, inequitable, and collusive arrangement between Horning and the defendant, $12,951.56, the amount of the judgment, was collected from this plaintiff. The ground taken by the defendant is that the injury was caused by the joint negligence of the plaintiff and defendant, that they were joint wrongdoers, and therefore neither is entitled to indemnity or contributions from the other.

The rule that one of two joint tort-feasors cannot maintain an action against the other does not apply to a case where one does the act or creates the condition, and the other does not join therein. In such a case the parties are not in pari delicto as to each other, though as to third persons either may be held liable. This exception to the rule has been frequently recognized in the courts of this and other states. Trustees of Canandaigua v. Foster, 81 Hun, 147, 30 N. Y. Supp. 686; Prescott v. Le Conte, 83 App. Div. 482, 82 N. Y. Supp. 411; Phœnix Bridge Co. v. Creem, 102 App. Div. 354, 92 N. Y. Supp. 855; City of Brooklyn v. Brooklyn City R. R. Co., 47 N. Y. 475, 7 Am. Rep. 469; Village of Port Jervis v. First National Bank, 96 N. Y. 550;

City of Rochester v. Campbell, 123 N. Y. 405, 25 N. E. 937, 10 L. R. A. 393, 20 Am. St. Rep. 760; Tremblay v. Harmony Mills, 171 N. Y. 598, 64 N. E. 501; Dunn v. Uvalde A. P. Co., 175 N. Y. 214, 67 N. E. 439; Bailey v. Bussing, 28 Conn. 455; Mayberry v. Northern P. Ry. Co., 100 Minn. 79, 110 N. W. 356, 12 L. R. A. (N. S.) 675; Gray v. Boston Gas Lt. Co., 114 Mass. 149, 19 Am. Rep. 324; Farwell v. Becker, 129 Ill. 261, 21 N. E. 792, 6 L. R. A. 400, 16 Am. St. Rep. 267.

The complaint in the present case alleges that the plaintiff was not negligent, and the facts alleged show that, if it was in fault, it was a fault not actually connected with the fault or wrong for which the judgment was rendered, and that the negligence of the defendant was the prime and efficient cause of the injury. It is obvious that the plaintiff under these averments would be entitled to give the necessary evidence to establish its cause of action. "Under the most recent authorities, pleadings are not to be construed strictly against the pleader, but averments which sufficiently point out the nature of the pleader's claims are sufficient, if under them he would be entitled to give the necessary evidence to establish his cause of action." Zabriskie v. Smith, 13 N. Y. 330, 64 Am. Dec. 551; Coatsworth v. Lehigh Valley R. Co., 156 N. Y. 457, 51 N. E. 301.

The counterclaims demurred to are clearly insufficient, as they do not show directly or by fair inference that the defendant was not actually connected with the act or omission which occasioned the injuries for which he was compelled to pay. On the contrary, it is stated in each counterclaim that the defendant's wire was attached to the Goisler Mill when it was destroyed by fire, that the wire fell down, and by its fall came in contact with the electric light wire underneath, diverted the current, and caused the injuries. It matters not whether we assume that the burning of the building which supported the wire, or the failure to protect against contact of the wires, was the proximate cause of the injuries. In either view of the case, it is clear that the defendant participated in the act or omission which caused the injury.

Indeed, there is room for claiming that, as between themselves, the plaintiff was entitled to rely upon the defendant to protect against contact of the wires, for it was the act of the defendant in making the crossing by connecting its wires with a building on each side which created a situation requiring extra precaution. As was said in the case of Horning v. Hudson River Telephone Co., 111 App. Div. 125, 97 N. Y. Supp. 627:

"So far as the lighting company is concerned, there is no serious question that this line at the bridge, if it had not been for the crossing, or if the crossing had been made in the usual way, without connection with the buildings, was beyond serious criticism."

Our conclusion therefore is that the demurrer was improperly overruled at the Special Term, and that the interlocutory judgment should be reversed, with costs. All concur.

JOHN M. KELLOGG, J. (concurring in result). Under the old procedure the decision of a demurrer resulted in an order with no greater force than an order upon an ordinary motion, and after decision the

party at fault was permitted to withdraw the demurrer, and the cases cited in the prevailing opinion hold that thereupon the decision was of no practical effect.   Now the decision results in an interlocutory judgment after the trial of an issue of law.  Code Civ. Proc. §§ 1021, 1236, 497.  The demurrer is not withdrawn, but the interlocutory judgment becomes a part of the judgment roll.  Code Civ. Proc. § 1237.  Upon a review of the final judgment the interlocutory judgment may be reviewed if specified in the notice of appeal.

To the same cause of action a party cannot both demur and answer. He must make his election.   If he demurs, the fact that allegations in the complaint not denied are admitted, and the fact that he challenges the sufficiency of the complaint, bring about the result that the allegations of the pleading demurred to are practically admitted, but·the court may nevertheless permit him to answer or plead again after the decision of the demurrer, but the demurrer still stands as the basis of the interlocutory judgment, and the fact that the defendant in this case has, at his request, been permitted to plead again, and has done so, does not destroy the effect of the adjudication already had as to the sufficiency of the complaint.   A judgment of a competent court is binding upon the parties as to the matters adjudicated.   An interlocutory judgment is no exception to this rule.   A demurrer is a mere matter of form and without substance, unless the interlocutory judgment following its decision is binding upon the parties.   There may be cases where the questions raised become unimportant after pleading over, or where the substance of the interlocutory judgment is merged in and swallowed up by the final judgment; but this is not such a case. The judgment of the Special Term not appealed from has established the sufficiency of the complaint, and we are not therefore called upon to consider that question.

The alleged counterclaims show, in substance, that the defendant paid the moneys voluntarily and practically by virtue of an understanding with the plaintiff whereby the amount to be paid by each was fixed. If it has paid more than its just share, it only shows a mistaken agreement.

I concur in the result.