Hudson Valley Railway Company, Appellant, *v.* Mechanic-ville Electric Light and Gas Company, Respondent.

Third Department, November 14, 1917.

**Negligence — when one joint tort feasor may recover over against another upon ground that latter's negligence was primary cause of injury.**

Where defendant electric light company negligently allowed its wire to sag so that it came in contact with the wire of plaintiff, an electric railway company, and charged it with high voltage, burning it in two, causing it to fall upon the street and kill a horse, the owner of which brought an action against both companies, and the railway company was required to pay the judgment, the judgment in this action brought by the plaintiff to recover over against the defendant upon the ground that its negligence was the primary cause of the injury, should not be set aside upon the ground that one joint tort feasor cannot recover over against the other.

The rule that one of two joint tort feasors cannot maintain an action against the other does not apply to a case like this, where one does the act or creates the condition, and the other does not join therein. In such a case the parties are not *in pari delicto* as to each other, though as to third persons either may be held liable.

Appeal by the plaintiff, Hudson Valley Railway Company, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Saratoga on the 12th day of January, 1917, upon a dismissal of the complaint by direction of the court after the verdict of the jury had been set aside.

Appeal is also taken from the order of the court setting aside the verdict of the jury to which were submitted certain specific questions to which they returned answers favorable to the plaintiff and also dismissing the complaint which order was entered in said clerk's office on the said day.

*James McPhillips* [*C. E. Fitzgerald* of counsel], for the appellant.

*Robert Frazier*, for the respondent.

Kellogg, P. J.:

Defendant's high tension wire crossed the plaintiff's wire over a street. The defendant negligently allowed its wire

to sag so that it came in contact with the plaintiff's wire, charged it with high voltage, burning it in two, causing it to fall upon the street and to hit and kill the horse of McMahon. He brought action against both companies and this plaintiff was required to pay the judgment. This action is brought to recover over against the defendant upon the ground that the defendant's negligence was the primary cause of the injury. The jury found that the defendant's negligence caused the death of the horse and that the plaintiff was in the exercise of due care with reference to the matter. The trial judge set aside the verdict on the ground that the McMahon judgment established that both parties were negligent and that one joint tort feasor cannot recover over against the other.

Upon the facts found by the jury, if this plaintiff had sued the defendant for negligently causing and permitting its .wire to fall upon the plaintiff's wire and injure it, a recovery would have followed. Such recovery would make it clear that as between the parties the defendant's negligence caused the injury. The McMahon case only determined that he might recover against both of the parties for the loss of the horse. No other question was before the court. The question here is whether both McMahon and the plaintiff were injured by the same negligent act of the defendant.

If this defendant was negligent in allowing its wire to sag, it is evident that the plaintiff might have adopted some precautions to protect the public, and it owed some duty to the public under such circumstances, but as between it and the defendant it could rest upon its rights and was not required to make structures to protect itself from defendant's negligence. As was said by Mr. Justice SEWELL in *Fulton County Gas & Elec. Co.* v. *Hudson River Tel. Co.* (130 App. Div. 347): " The rule that one of two joint tort feasors cannot maintain an action against the other does not apply to a case where one does the act or creates the condition and the other does not join therein. In such a case the parties are not *in pari delicto* as to each other, though as to third persons either may be held liable. This exception to the rule has been frequently recognized in the courts of this and other States," citing many cases. That case was affirmed in *Fulton County*

*Gas & Elec. Co.* v. *Hudson River Tel. Co.* (200 N. Y. 287), the court practically approving of the position taken in this court.

The judgment and order should, therefore, be reversed, with costs, and judgment directed for the plaintiff upon the verdict of the jury, with costs.

All concurred.

Judgment and order reversed, with costs, and judgment directed for the plaintiff upon the verdict of the jury, with costs.