THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOSEPH S. STERLING, Defendant.

Supreme Court, Essex County, January 28, 1927.

**State — Adirondack Park — maintenance of signs and billboards without consent of Conservation Commission, in violation of Conservation Law, § 61-a — complaint in action by State is sufficient — constitutionality of statute considered.**

Under section 61-a of the Conservation Law, which provides that, in order to conserve the natural beauty of the Adirondack Park and to abate the public nuisance which has arisen through an unrestricted use of signs and billboards therein, no person shall erect or maintain within said park any advertising sign or billboard except under written permit from the Conservation Commission, a complaint in an action by the State, which alleges that the defendant has maintained within the boundaries of the park certain billboards or advertising signs without the permission of the Conservation Commission, that the unrestricted use of said billboards and signs does not conserve the natural beauty of the park but tends to mar and deface it, and that said signs constitute a public nuisance as defined by the statute, should not be dismissed on motion by the defendant on the ground that it does not state facts sufficient to constitute a cause of action, since an act declared by statute to be a public nuisance cannot, on such a motion, be declared not to be one. That it is what it is declared to be, must be established by evidence.

*It seems,* that, although the statute declares its purpose to be " to conserve the natural beauty of the Adirondack Park," it may be determined after the

evidence is presented that the statute was calculated to accomplish something besides an esthetic purpose, and is, therefore, a proper exercise of the police power of the State.

MOTION by defendant to dismiss the complaint upon the ground that it does not state facts sufficient to constitute a cause of action.

*Albert Ottinger, Attorney-General* [*John O. Bates, Deputy Attorney-General,* of counsel], for the plaintiff.

*Schwarte, Slade, Harrington & Goldsmith* [*Irving I. Goldsmith* of counsel], for the defendant.

ANGELL, J. The motion to dismiss the complaint is on the ground that it fails to state a cause of action. The cause of action which the complaint attempts to set forth is a violation of section 61-a of the Conservation Law, being chapter 512 of the Laws of 1924, which reads as follows:

"§ 61-a. Use of signs and billboards restricted. In order to conserve the natural beauty of the Adirondack park by preserving and regulating it for public uses for the resort of the public for recreation, pleasure, air, light and enjoyment by keeping it open, clean and in good order for the welfare of society, and to abate the public nuisance which has arisen through the unrestricted use of signs and billboards therein, no person shall erect or maintain within the boundaries thereof any advertising sign or billboard, except under written permit from the commission. The provisions of this section shall not apply to signs erected or maintained upon property in connection with a business conducted thereon, or within the limits of an incorporated village."

The complaint alleges that for some time prior to the commencement of the action defendant had maintained within the boundaries of the Adirondack Park in the county of Essex eleven billboards or advertising signs without the permission of the Conservation Commission; that the unrestricted use of said billboards does not conserve the natural beauty of the said Adirondack Park, but tends to mar and deface it; that said signs constitute a public nuisance, as defined in section 61-a of the Conservation Law (as added by Laws of 1924, chap. 512); that the signs are not maintained upon property in connection with a business maintained thereon, and are not within the limits of any incorporated village.

The signs vary in size from 6 x 12 to 12 x 24 feet. They are erected on private property in sight of and close to the State highways in the vicinity of Lake Placid, and advertise defendant's "Alaska Silver Fox Farm," just outside the corporate limits of the village of Lake Placid, on the road leading to Saranac Lake.

The Adirondack Park was created by chapter 707 of the Laws

Supreme Court, January, 1927.          [Vol. 128

of 1892, and consists of all of the lands owned by the State in the county of Hamilton and in certain towns in Essex, Franklin, Herkimer, St. Lawrence and Warren counties. It comprises the land except that which is privately owned, within what is known as the Blue Line in the Adirondack region. Within this area the State owns upwards of 1,500,000 acres, which are by the Constitution and various statutes dedicated to the public use. The State is authorized to acquire within the Adirondack Park area additional lands by the exercise of the right of eminent domain.

'By this motion defendant challenges the constitutionality of section 61-a chiefly upon the ground that it offends against the provisions of both the Federal and State Constitutions which forbid the taking of private property for public use without due compensation. Plaintiff contends, on the other hand, that it is a valid exercise of the police power.

There are two purposes specified in the statute, and only two. One is " to conserve the natural beauty of the Adirondack park by preserving," etc. The other is " to abate the public nuisance which has arisen through the unrestricted use of signs," etc. The Penal Law (§ 1530) defines a public nuisance, in so far as applicable here, as an unlawful act or omission which " annoys, injures or endangers the comfort, repose, health or safety of any considerable number of persons." But a public nuisance may be declared by a civil statute, and a separate penalty provided. Thus it is said in *Rhodes* v. *Sperry & H. Co.* (193 N. Y. 223, 229): " The power of the legislature to define and declare public offenses is unlimited, except in so far as it is restrained by constitutional provisions and guaranties."

But the declaration that an act is a public nuisance will not take the place of proof. That it is what it is declared to be must be established by evidence. It necessarily follows that an act declared by statute to be a public nuisance cannot, on such a motion as this, be declared not to be one. A complainant in such a case is entitled to his day for offering proof. This conclusion necessitates the denial of this motion.

Consequently it will not be of benefit here to pass specifically upon the question whether the first part of the statute, which apparently is so worded as to state a purely esthetic purpose, can be upheld as a valid exercise of the police power of the State. The police power is the widest and most elastic power of government. All property is held subject to it. It extends to all great public needs. Its scope has been said to be as broad as the public welfare. The Court of Appeals in the recent case of *Matter of Wulfsohn* v. *Burden* (241 N. Y. 288), wherein was upheld the

validity of a zoning ordinance of the city of Mount Vernon, said: " We must realize that the application of the police power has been greatly extended during a comparatively recent period and that while the fundamental rule must be observed that there is some evil existent or reasonably to be apprehended which the police power may be invoked to prevent and that the remedy proposed must be generally adapted to that purpose, the limit upon conditions held to come within this rule has been greatly enlarged. The power is not limited to regulations designed to promote public health, public morals or public safety or to the suppression of what is offensive, disorderly or unsanitary but extends to so dealing with conditions which exist as to bring out of them the greatest welfare of the people by promoting public convenience or general prosperity."

Despite the wide general scope of this language, a few years earlier the same court in *People ex rel. Wineburgh Advertising Co.* v. *Murphy* (195 N. Y. 126) and other cases, held that an ordinance or statute having solely the purpose of promoting the esthetic enjoyment of the public, could not be upheld as a valid exercise of the police power. If the statute here in question had been worded with more care the first part of it would not have to stand or fall as voicing solely an esthetic object. That it is so infelicitously worded in this respect is unfortunate. If, for instance, it had been made to read, " In order to conserve the natural beauty of the Adirondack Park, *and to preserve and regulate* it for public uses * * * and enjoyment, *and to keep* it open * * * *and to abate* the public nuisance which had arisen," etc., a different situation would be presented. We have reached a point in the development of the police power where an esthetic purpose needs but little assistance from a practical one in order to withstand an attack on constitutional grounds. Thus in *Matter of Wulfsohn* v. *Burden* (*supra*) the court says (on p. 300): " The Supreme Court of the United States has, however, gone so far as to approve in substance the views of the Massachusetts Supreme Court that æsthetic considerations might be considered as auxiliary of what thus far have been regarded by the courts as more effective and sufficient reasons."

Perhaps a statute which, in addition to conserving the natural beauty of the Adirondack Park, also declared its object to be to preserve and regulate it for public uses and enjoyment, and to keep it open, clean and in good order for the welfare of society (which includes the public health), might have just the additional elements of strength necessary to enable it to stand. There surely should be some way to curb the modern billboard nuisance, aside

from the efforts of public-spirited women. It would seem to be fairly certain that, when the State highways through the privately owned lands in the Adirondack Park become solidly lined with billboards, hot dog stands, and stations furnished in connection with gasoline selling agencies conspicuously labeled "For men" and "For women," the State will have some right to intervene in behalf of a long-suffering public. If it will have the right then, it should have it before the line becomes absolutely solid. And perhaps it should have it at the point where we are now. The People have a vast investment in the Adirondack Park. The police power should be sufficient to enable them to enjoy it to the utmost.

In line with this, in spite of the fact that the early part of the statute declares its purpose to be " to conserve the natural beauty of the Adirondack park "— and that only — the court, perhaps, may be able to say after that proof is in that the act generally appears by reasonable intendment " calculated, intended, convenient and appropriate " to conserve the public health, welfare, comfort and morals (*Matter of Jacobs*, 98 N. Y. 98), and so fitted to accomplish something besides an esthetic purpose — something which is under present decisions a proper exercise of the police power of the State.

The motion to dismiss the complaint is denied.