THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOSEPH S. STERLING, Defendant.*

Supreme Court, Essex County, July 28, 1928.

**Pleadings — answer — motion to strike out certain denials and defenses — action is to recover penalties, under Conservation Law, § 61-a — action is based on maintenance of advertising signs within Forest Preserve — defense, describing defendant's business, not improper, in view of allegation that business is public nuisance — said defense may be admissible under plea of unconstitutionality of statute — contention that statute has been held constitutional in prior decision, not sustained — defense of unconstitutionality not stricken out.**

The plaintiff seeks to recover penalties for alleged violations of section 61-a of the Conservation Law and bases this action on the maintenance of advertising signs within the Forest Preserve contrary to the provisions of that law. The answer contains certain denials and alleges in the second defense a description of the defendant's business in connection with which the signs were maintained. That part of the defense is not stricken out, since it appears that the complaint alleges that the defendant's business is a public nuisance, and, therefore, it is proper for the defendant to prove the character and magnitude of its business. Furthermore, such facts may be admissible in the defendant's defense of unconstitutionality of the statute.

The contention by the plaintiff that the constitutionality of the statute has been sustained on a prior motion in this case, in which the defendant moved for judgment dismissing the complaint, is not sustained, for it appears that the defendant did not succeed in raising the constitutionality of the statute on that motion, for the court merely held that the plaintiff was entitled to show that the signs constituted a public nuisance.

The first question that must be determined is whether or not the signs constituted a public nuisance, and if that is determined in favor of the plaintiff, then the question of the constitutionality of the statute may be considered. Therefore, since the constitutionality of the statute must be specifically pleaded, it is necessary for the defendant to plead that defense in the present action although it will not be passed upon until the question of public nuisance is determined.

MOTION by plaintiff for an order striking certain matter from defendant's answer as irrelevant, and tending to prejudice and embarrass a fair trial of the action, and as insufficient in law.

*Albert Ottinger, Attorney-General [John O. Bates, Deputy Assistant Attorney-General,* of counsel], for the People.

*Schwarte, Slade, Harrington & Goldsmith [John A. Slade* of counsel], for the defendant.

BREWSTER, J. Plaintiff's motion for an order striking from defendant's answer a certain paragraph of its denials and all of the

* See, also, 128 Misc. 650.

matter pleaded and set forth as second, third and fourth separate answers and defenses is upon the grounds that all of said matter is irrelevant, and may tend to prejudice and embarrass the fair trial of the action, and also that the same is insufficient in law.

This action is brought to recover penalties for alleged violations of section 61-a of the Conservation Law.* The matter plaintiff seeks to strike from the defendant's answer denies that the maintenance of advertising signs described in the complaint offends any valid law, and then sets forth, as new matter, three separate defenses, which allege the unconstitutionality of the statute sued upon.

The first aforestated ground for plaintiff's motion appears to be limited to those allegations contained in the second defense as to the description and magnitude of defendant's business and certain details of its operation, in connection with all of which the signs complained of were maintained. The irrelevancy of evidence under these allegations is by no means clear, when considered in connection with the complaint's charge that a certain incident of the operation of defendant's business is a public nuisance. Neither has it been made clear to me that such evidence, or parts of same that it is practical to now segregate, with reference to certain allegations of the nature stated, would be inadmissible under the defenses that the statute sued upon is unconstitutional. While the sanction of rule 103 of the Rules of Civil Practice is general, and gives the court a broad power to strike out portions of an answer on the grounds there stated, this very feature necessarily carries with it a requirement for the exercise of such power with great care and discretion, and a plain case must be made out to justify its use. To my mind, the plaintiff here has failed to do this, since I have not been convinced that the matter sought to be stricken from the answer is irrelevant, or that it will tend to prejudice or embarrass a fair trial of the action.

The other ground for the motion, which predicates the legal insufficiency of the major portion of defendant's answer, can only be determined from the pleading itself. (*Welch* v. *City of Niagara Falls*, 210 App. Div. 170; *Levan* v. *American Safety Table Co.*, 222 id. 110.) In passing upon this feature, I have, therefore, ignored the affidavit submitted by plaintiff's counsel. The argument here is that the defenses alleging the unconstitutionality of the statute sued upon are insufficient in law, since there has been a prior adjudication that the statute is constitutional, and citation is made to *People* v. *Sterling* (128 Misc. 650; affd., without opinion, 222 App. Div. 849). That case, manifestly, was the present action,

---

* Added by Laws of 1924, chap. 512.— [REP.

wherein, by a motion by defendant for judgment dismissing the complaint, it was evidently sought to test the constitutionality of the statute in question. This endeavor appears to have been in vain, since the denial of defendant's motion was upon the sole ground that the plaintiff was entitled to its day in court for offering proof upon its charge that the defendant's signs did in fact constitute a public nuisance. The holding was that under the statute sued upon plaintiff has a right to litigate as to whether the signs complained of constitute a public nuisance.

I do not find that the other constitutional questions were passed upon. If the question as to whether defendant's signs constitute a public nuisance should be resolved in favor of the plaintiff, there might also remain other questions that would call for a pronouncement as to the constitutionality of certain other portions of said statute. It is difficult to see how else than by h's answer defendant could, in such event, save himself from the position of having waived the presentment of these other questions (*Vose* v. *Cockcroft*, 44 N. Y. 415; 12 C. J. 785, § 217), and an answer is a proper method by which to raise them. (*People* v. *Ostrander*, 144 App. Div. 860, 861.)

Moreover, the denial of defendant's motion for the dismissal of the complaint was in the nature of the overruling of a demurrer under the former practice, and such, therefore, is not *res adjudicata* as to the sufficiency of the complaint (*Fulton County Gas & Electric Co.* v. *Hudson River Telephone Co.*, 130 App. Div. 343, 345); nor does it preclude defendant from now setting up in his answer any defense he might have originally pleaded. (*McCargo* v. *Jergens*, 206 N. Y. 363, 370.)

The defendant has a right to litigate the constitutionality of the statute. To strike out these defenses as insufficient in law would be equivalent to an attempt to pronounce a decision of constitutionality in advance of a trial of that issue to which defendant is entitled. It is the duty of the court to decide a constitutional question only when it is directly and necessarily involved in the issue to be determined. (*People* v. *Brooklyn, F. & C. I. R. Co.*, 89 N. Y. 75, 92.) The issues raised by the answer should, therefore, be first determined at a trial when all the facts are before the court, and a decision thereof is unavoidable for the determination of the case itself. (*Demarest* v. *Mayor*, 147 N. Y. 203, 207; *Matter of Woolsey*, 95 id. 135, 144.) For these reasons, also, I do not consider that by a denial of plaintiff's motion I am put in the position of passing upon the validity of the defenses which have been attacked.

I, therefore, deny plaintiff's motion, with costs. Submit order.