IROQUOIS GAS CORPORATION, Respondent, *v.* INTERNATIONAL RAILWAY COMPANY, Appellant.

Fourth Department, March 14, 1934.

*Raymond C. Vaughan* [*Noel S. Symons* of counsel], for the appellant.

*Thomas R. Wheeler* [*William I. Morey* of counsel], for the respondent.

SEARS, P. J. In imposing responsibility for fault at common law, there is a general principle expressed in the well-known maxim, "*in pari delicto potior est conditio defendentis.*" The rule of contributory negligence defeating a cause of action falls within this principle as well as the rule that contribution is not enforcible between joint tort feasors. The maxim by its very terms applies only to a condition of like, or equal fault (*in pari delicto*). Parties are held to be *in pari delicto* without regard to the quantity of fault. We do not at the common law weigh the quantity of fault between tort feasors. The rule, however, does not necessarily apply where there is a difference in the quality of the fault. Thus, where the fault of one is purely constructive or vicarious, indemnification will be allowed in favor of the constructive or vicarious tort feasor and against the other whose fault is actual and personal. So, where a master has been cast in damages for the fault of his servant, the master may obtain judgment over against the servant. (*Trustees of Geneva* v. *Brush Electric Co.*, 50 Hun, 581; *Fedden* v. *Brooklyn Eastern District Terminal*, 204 App. Div. 741.) A municipality which has been required to pay damages because of a defect in a street, responsibility for which is imposed by statute upon an abutting owner, may recover over against the abutting owner. (*City of Rochester* v. *Campbell*, 123 N. Y. 405.) Another case in which the parties are not deemed *in pari delicto* is where the act of one of the tort feasors is the primary and efficient cause of the injury while the fault of the other is not in participation in the same act but in a failure to discover and remedy the result of such act. Cases of this class, relied upon to sustain the order appealed from, include *Carroll* v. *City of Dunkirk* (234 N. Y. 579); *Fulton County G. & E. Co.* v. *Hudson River Tel. Co.* (130 App. Div. 343; affd., 200 N. Y. 287); *Scott* v. *Curtis* (195 id. 424); *Hudson Valley R.*

*Co.* v. *Mechanicville Electric Light & Gas Co.* (180 App. Div. 86); *Gray* v. *Boston Gas Light Co.* (114 Mass. 149); *Washington Gas Co.* v. *Dist. of Columbia* (161 U. S. 316), and *Trustees of Geneva* v. *Brush Electric Co.* (50 Hun, 581).

Robert F. Ward, in 1929, brought an action against both parties to this action, for personal injuries which he claimed resulted from an explosion of gas in a manhole due to the negligence of both parties to the present action. At the trial he obtained a verdict for $60,000 against both defendants. The negligence of the defendant gas company, the plaintiff here, upon which Ward's judgment against it was based, is not stated in the complaint now before us. It is merely stated in the complaint that the explosion which injured Ward was of gas which escaped from the gas company's mains. It appears from the complaint in this action that, upon the trial of the Ward case, the railway company rested at the close of the plaintiff's case and withdrew from the case during the presentation of the gas company's evidence and that evidence was then produced by the gas company, to the effect that the breaks in the gas company's mains through which the gas escaped to the manhole were the result of electrolysis resulting from errant currents of electricity which defendant railway company negligently discharged from its electric conductors. This evidence was not binding upon the defendant railway company upon the Ward trial. The complaint now before us, however, alleges that the primary cause of the accident to Ward was the wrongful act of the defendant International Railway Company in discharging its electrical currents from its conductors and permitting them to destroy the underground structures of the plaintiff. The complaint contains no allegation that the gas company did not itself co-operate in the deterioration and breaking of its mains.

On appeal to the Appellate Division from Ward's judgment against both parties to this action, the judgment against the gas company was affirmed, and the judgment against the railway company reversed and a new trial ordered as to the railway company, on the ground that no negligence on the part of the railway company was established in the evidence produced on the trial on behalf of the plaintiff Ward, which, as has been said, was all the proof binding upon the railway company. On appeal to the Court of Appeals the judgment in favor of Ward against the gas company was affirmed. (*Ward* v. *Iroquois Gas Corp.*, 233 App. Div. 127; affd., 258 N. Y. 124.) The complaint thus sets out affirmative negligence on the part of the defendant railway company causing breaks in the plaintiff gas corporation's mains which were the efficient and primary cause of Ward's injuries, for which plaintiff

has paid out about $71,000. The allegation as to Ward's judgment against itself connotes an allegation of its own fault. The complaint, as stated above, contains no allegation as to what plaintiff's fault consisted of, although the plaintiff in its brief and on the argument, contended that its fault was subordinate and secondary, not active or affirmative in character — omissive, rather than commissive.

There is no allegation that the plaintiff did not participate in the primary cause of the accident. To set forth a cause of action, there should be affirmative statement of facts showing that plaintiff's fault (for fault is admitted) was secondary to that of the defendant; that the parties were not *in pari delicto*. Silence as to its fault is not enough. (*Scott* v. *Curtis, supra.*) We cannot use the record in the Ward case to supply these necessary facts. As we read the reference to that record in the complaint, it relates only to the progress and result of the Ward action and does not amount to allegations of all the complicated and discordant facts related therein.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion to dismiss the complaint granted, with ten dollars costs, with leave to plead over on payment of ten dollars costs of the motion and ten dollars costs and disbursements of this appeal.

All concur.

Order reversed, with ten dollars costs and disbursements, and motion to dismiss granted, with ten dollars costs, with leave to plead over within twenty days on payment of costs of the motion and of this appeal.