THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOSEPH S. STERLING, Defendant.

Supreme Court, Essex County, July 20, 1938.

*John J. Bennett, Jr., Attorney-General [Joseph P. O'Connor, Assistant Attorney-General,* of counsel], for the plaintiff.

*Schwarte, Slade, Harrington & Goldsmith [John A. Slade* of counsel], for the defendant.

LAURENCE, J. The action is brought for penalties under section 62 of the Conservation Law, as it now exists. That section is a substitute for section 61-a of the Conservation Law as it existed in 1925. In 1925 an action was brought by the plaintiff against this defendant under the law as it then existed to recover penalties alleged to have been incurred for maintaining advertising signs,

some of which are involved here, as I understand it. A motion in that action was made before Justice EDWARD M. ANGELL to dismiss the complaint upon the ground, among others, that it did not state facts sufficient to constitute a cause of action. The statute restricted the erection or maintenance of advertising signs in Adirondack Park, and, among other things, stated that they were so restricted to abate the public nuisance which had arisen from the unrestricted use of signs and billboards within such park area. The motion to dismiss was denied as the existence of a nuisance could not be determined before trial. The court further held that the plaintiff should have a right to establish the nuisance claimed. (*People* v. *Sterling*, 128 Misc. 650.) This decision was affirmed without opinion. (222 App. Div. 849.) Thereafter an answer was interposed claiming that the statute was unconstitutional as it violated the Federal and State Constitutions. A motion was then made, before Justice O. BYRON BREWSTER, to strike out the defenses. These defenses alleged the unconstitutionality of the statute. That motion was denied. (*People* v. *Sterling*, 132 Misc. 769.) That action is still pending. An amendment of the statute and the bringing of this action under the amended statute would seem to render those decisions largely academic except as matters of history and the observations there made. In his opinion Justice ANGELL discussed the validity of police powers where aesthetic purposes are sought to be attained and the constitutionality of such statutes as a valid exercise of the police powers. He said, among other things, " We have reached a point in the development of the police power where an aesthetic purpose needs but little assistance from a practical one in order to withstand an attack on constitutional grounds." When the statute was amended, the provision with reference to the existence of a public nuisance was eliminated and apparently some, at least, of the suggestions of Justice ANGELL were incorporated in the amended statute.

Justice BREWSTER, in his opinion on the motion before him, discusses the sufficiency of the defenses, which would seem to be similar to the answer interposed here. He refused to strike out the defenses as they might be proper to allow the defendant to establish a defense to the nuisance alleged in the complaint. He did not pass on the question of constitutionality.

It would seem that in the present action we are confronted with the question of the constitutionality of the amended law. This law states, in the nature of a preamble, that it is enacted " in order to conserve the natural beauty of the Adirondack Park and to preserve and regulate the said park for public uses for the resort

of the public for recreation, pleasure, air, light and enjoyment, and to keep it open, safe, clean and in good order for the welfare of society." It is claimed by the plaintiff that this declaration of purpose makes it unnecessary to prove anything except that the signs are maintained in violation of the statute. The defendant admits the ownership and maintenance of the signs within the park area and at places forbidden by the statute, without having secured a permit from the Conservation Commission. We might, therefore, well inquire, in the first place, whether a legislative declaration of purpose can be questioned or whether it is necessary to prove that the conditions existed which constituted the basis of the purpose. The statute seems to contemplate that the determination of these questions rests with the Conservation Commission in the first instance, subject to review by the proper authorities, but the answer alleges that application to the Commission would be futile as such application was refused in advance. It seems to me that at least the futility of an application should be determined before the question of constitutionality is passed upon. Other features of the problem may be made clear after evidence has been submitted.

Much has been written regarding the sufficiency of purely aesthetic purposes as a basis for the extension of police powers by municipalities under legislative authority. Here the municipality is the State itself. No case in this jurisdiction has been brought to my attention which goes so far as to decide that aesthetic considerations, alone, are sufficient. It may become a question whether the purposes announced bear some reasonable relation to the objects which have been recognized as within the accepted limits of police powers.

I have read with interest the very able briefs submitted, and conclude that, under the circumstances, the question of constitutionality should not be disposed of at this stage of the case. The motions are, therefore, denied, with ten dollars costs.