## COATES v. POTOMAC ELECTRIC POWER CO. (Washington Gas Light Co., third-party defendant).

### Civ. A. No. 1099–49.

United States District Court,
District of Columbia.

April 17, 1951.

Hogan & Hartson and H. Wise Kelly, all of Washington, D. C., for defendant and third-party plaintiff.

John J. Wilson, Jo V. Morgan, Jr., and W. E. Gallagher, all of Washington, D. C., for third-party defendant.

KEECH, District Judge.

This case is before the court on a motion to dismiss the amended third-party complaint, filed by Potomac Electric Power Company against Washington Gas Light Company after this court's opinion dismissing the original third-party complaint.[1]

The suggestion was made in the prior opinion that had Potomac Electric in its third-party complaint claimed, as secondary wrongdoer, indemnity from the Gas Company on the theory that the latter was the active wrongdoer and primarily liable for the injury sustained by the plaintiff,[2] then the third-party complaint would have been for breach of an independent duty owed Potomac Electric by the Gas Company and not affected by the provisions of 33 U.S.C.A. § 905,[3] namely, an implied agreement of indemnity; and it was stated that the fact that Potomac Electric's damages would be measured by the amount of the plaintiff Coates' recovery, would no more affect the independent character of the Gas Company's obligation to Potomac Electric than if Potomac Electric were suing on a contract of indemnity.

The amended third-party complaint charges that any acts of Potomac Electric complained of by Coates, the original plaintiff, were passive and secondary in character, and are actionable, if at all, only because of the injury resulting to Coates when said acts were combined or coupled with, or had superimposed upon them, the primary and affirmative acts of gross negligence, carelessness, and recklessness on the part of the Gas Company's employees against Coates and Potomac Electric, and on that theory claims judgment against the Gas Company for any sum which Coates may recover from Potomac Electric.

The Gas Company contends that Potomac Electric's claim is still one for damages "on

1. Coates v. Potomac Electric Power Co., D.C., 95 F.Supp. 779.

2. Washington Gas Light Co. v. D. C., 161 U.S. 316, 327, 16 S.Ct. 564, 40 L.Ed. 712; Southwestern Bell Telephone Co. v. East Texas Public Service Co., 5 Cir., 48 F.2d 23.

3. Hitaffer v. Argonne Co., D.C.Cir., 183 F.2d 811.

account of" the injury sustained by Coates and, as such, is barred by § 905, relying principally on the opinion of Judge Learned Hand in Slattery v. Marra Bros., 2 Cir., 186 F.2d 134, 138. In that case a complaint for indemnity was dismissed on the ground that it was barred by a provision of the New Jersey Workmen's Compensation Act similar to § 905; but the facts are clearly distinguishable from the case at bar, in that there was alleged no breach of an independent duty owed by one tort-feasor to the other. Judge Hand there recognized that a claim to indemnity may arise if there is some other legal transaction between the concurrent tort-feasors, "such as contract * * * or as tort—as was the case in Westchester Lighting Co. v. Westchester Estates Corp., 278 N.Y. 175, 15 N.E.2d 567," which would not be barred by a provision similar to § 905.

The complaint and third-party complaint in the case at bar allege two separate and distinct torts: (1) the injury to the plaintiff Coates, resulting from the concurrent negligence of Potomac Electric and the Gas Company; and (2) the Gas Company's breach of its duty not to strike Potomac Electric's wire. The fact that the damage, if any, sustained by Potomac Electric by reason of the Gas Company's act, would be measured by the amount of Coates' recovery against Potomac Electric, does not affect the independent nature of the Gas Company's breach of its duty to Potomac Electric to so operate its crane as not to strike the overhead wire.

Counsel for the Gas Company has recognized that if the crane's striking of Potomac Electric's wire had resulted in damage to Potomac Electric's physical equipment, the Gas Company would have been liable to Potomac Electric for such damage. The mere fact that the damages which Potomac Electric claims in this case are not direct, but consequential, does not change the nature

of the Gas Company's act, nor does it affect the Gas Company's liability for the consequences proximately caused by such act.

The instant case is distinguishable from the Westchester case only on the facts that the dangerous commodity involved is electricity instead of gas, and that the alleged negligence of the secondary tort-feasor preceded instead of succeeded the affirmative act of the primary tort-feasor.[4] Neither of these factual differences, in the opinion of this court, affects the applicability of the Westchester decision, which held that the suit for indemnity was not a suit for damages "on account of" the death of the injured third person, but that it asserted a right of recovery for breach of an alleged independent duty or obligation owed the concurrent tort-feasor by the employer and was not barred by the Workmen's Compensation Law, McK. Consol. Laws, c. 67.

Counsel for the Gas Company also rely on Burns v. Carolina Power & Light Co., D.C., 88 F.Supp. 769, which held a third-party complaint for indemnity barred by the South Carolina Workmen's Compensation Law. The opinion is critical of the Westchester case, supra, and decisions stemming from it, but states that even if the court should follow that line of authorities, they are inapplicable to the facts. Further, it appears from his decision that Judge Waring disregards the doctrine of primary and secondary negligence between concurrent tort-feasors; whereas the right of a passive and secondary wrongdoer to recover indemnity from the active and primary wrongdoer has long been settled in the District of Columbia by Washington Gas Light Co. v. District of Columbia, supra. This is the doctrine followed in the Westchester case, and it is the view of this court that the reasoning in that opinion is more persuasive than that of the Burns decision, especially in view of the fact that it has been approved by Judge Hand.

4. Here, the passive negligence alleged on the part of the secondary wrong doer is failure to maintain its line so that no injury would result if the line were interfered with. In the Westchester case, the negligence of the secondary wrongdoer was failure to discover timely the unsafe condition caused by interference with its line. In both cases, no injury would have resulted to the third person, but for the affirmative act of the primary wrongdoer, which released from the secondary wrongdoer's line a dangerous commodity.

The right to indemnity has been recognized where the negligence of the secondary wrongdoer has been a failure to foresee and take precautions to prevent injury resulting from the act of the primary wrongdoer, in Fulton County Gas & Electric Co. v. Hudson River Telephone Co., 130 App.Div. 343, 114 N.Y.S. 642, affirmed 200 N.Y. 287, 93 N.E. 1052, and Hudson Valley Ry. Co. v. Mechanicville Electric Light & Gas Co., 180 App.Div. 86, 167 N.Y.S. 428. In the latter case, in sustaining the right of a trolley company to indemnity from an electric company whose sagging wires had fallen on the trolley wires, causing injury to a third person, it was said: "* * * If this defendant was negligent in allowing its wire to sag, it is evident that the plaintiff might have adopted some precautions to protect the public, and it owed some duty to the public under such circumstances; but as between it and the defendant it could rest upon its rights and was not required to make structures to protect itself from defendant's negligence."

So here, a jury might find that Potomac Electric was negligent as to Coates, the original plaintiff, in failing to take some precaution which would have prevented the injury, to him, and at the same time find that, as between Potomac Electric and the Gas Company, Potomac Electric was not negligent in failing to take precautions in anticipation of the Gas Company's negligent act.

The court therefore concludes that, however one expresses it—as an implied agreement of indemnity arising from the breach of some duty owed by the primary wrongdoer to the secondary wrongdoer, or indemnity owed the passive wrongdoer by the active wrongdoer, or a claim for consequential damages arising from a separate tort—the amended third-party complaint asserts an independent right of action by Potomac·Electric against the. Gas Company, not "on account of" the injury to the plaintiff Coates and thus not barred by 33 U.S. C.A. § 905.

The third-party defendant's motion to dismiss will therefore be denied. Counsel will present an appropriate order.