## THE TRUSTEES OF THE VILLAGE OF GENEVA, RESPONDENTS, *v.* THE BRUSH ELECTRIC COMPANY OF CLEVELAND, APPELLANT.

*Electric-light pole in a village street, adjudged to be a nuisance, in an action against the village for damages occasioned thereby — the village, having affirmatively assented to the location of the pole, has no recourse against the electric-light company.*

In an action, brought to recover for personal injuries caused by an electric-light pole placed in the streets of the plaintiff, it appeared that the pole was originally erected under a contract between the plaintiff and an electric-light company, the predecessor of the defendant, the place for its erection having been approved by the plaintiff; that subsequently a new contract for the lighting of the village, under which the lamps were to be as then located, was made between the plaintiff and the present defendant, the successor of the company by which the pole had been placed in the streets of the plaintiff. It further appeared that, in an action which had been brought against the present plaintiff to recover for injuries sustained by reason of said pole being located where it was, a judgment had been rendered to the effect that the pole was a nuisance for which the plaintiff was responsible to the party injured.

*Held,* that as it was adjudged that the pole was a nuisance because of its location, and not because of the use to which it was put, that the plaintiff and the present defendant were in the position of joint wrong-doers, and were *in pari delicto,* and the plaintiff was, therefore, not entitled to claim indemnity or contribution from the defendant.

That this case did not come within the rule that where a party claiming indemnity
has been guilty only of a technical or constructive fault, or where both parties have
been in fault, and the fault of the party from whom indemnity is claimed was
a primary and efficient cause of the injury, that such indemnity can be recovered,
as in this case the plaintiff had affirmatively assented to the maintenance of the
pole in the position in which the defendant had found and received it in con-
tinuing the business of the former electric-light company.

APPEAL by the defendant from a judgment entered on the findings
and decision of the judge at the Ontario Circuit, a jury being waived.

The action was brought to recover the amount which the plaintiff
had paid on a judgment recovered against it in an action brought
to recover the damages sustained in a collision between a runaway
horse and an electric light pole erected in the street of the village.

*William E. Cushing*, for the appellant.

*Arthur P. Rose*, for the respondents.

DWIGHT, J.:

This was an action over by the plaintiffs on a judgment recovered
against them, by one Maloney, for personal injuries caused by an
obstruction maintained by the defendant in one of the streets of
the plaintiffs' village.

The defendant was under a contract with the plaintiffs to light
the streets of the village by electricity. A contract to that purpose
was first made in May, 1884, with the " Brush–Swan Electric Light
Company of New England." Under that contract the plaintiff
designated the places where the electric lamps should be put; one
of which places was at the intersection of Exchange and Jackson
streets.   Thereupon, the Brush-Swan Company, early in June,
1884, for the purpose of supporting the lamp so located, erected the
pole which constituted the obstruction complained of in the action
of Maloney.   It was erected on the east side of Exchange street;
and, together with a pole diagonally opposite on Jackson street,
served to support the wires from which a lamp was suspended over
the intersection of the two streets.   Afterwards the Brush-Swan
Company transferred all its rights and interests, under the contract
above mentioned, to the defendant ; and, on the 5th of December,
1884, the latter company entered into a contract with the plaintiffs
by which it undertook, with unimportant modifications, " to fulfill

the conditions of the said agreement of the Brush-Swan Electric Light Company." On the 2d day of June, 1885 (the above mentioned contracts having expired by limitation), the parties to this action entered into a new contract, to the same purpose, which contained the provision, "lamps to be about thirty-five feet high, and to be as now located;" and on the tenth day of the same month the accident occurred which was the basis of the former action. The pole then stood as it had been originally placed, by the former contractor, a year before. No objection had ever been made by the plaintiffs to its location; but, on the contrary, as the court below expressly finds, it had been permitted to remain there "by the consent of the plaintiffs." This finding is one of fact made in response to the request of the defendant; and is, of course, conclusive upon the plaintiffs, who have neither appealed from the judgment nor excepted to any of the findings. There is a further finding to the effect "that general directions were given to the agent of the Brush-Swan Electric Company to set said pole inside of the curb." This finding was excepted to, and seems to have been without evidence tending to sustain it. (Code of Civ. Pro., §§ 992, 993.) There was no direction which specified or included this pole; the only general direction given at any time, on the subject of the location of poles, related to those employed in an experimental circuit which was set up by the Brush-Swan Company before any contract was made, and which did not include the pole or the location in question.

We have, then, the affirmative finding that the plaintiffs consented to the maintenance of this pole, by the defendant, in the position in which it was located when the contract was assumed by the latter, and in which it remained when the injury was sustained for which judgment was recovered. By that judgment the pole so located was adjudged to be a nuisance for which the plaintiffs were responsible to the party injured. But the court, at the circuit, found as a conclusion of law that, "as between the plaintiff and defendant herein, the pole in question was not maintained by the concurrence of the plaintiff." It is not made quite clear what distinction was intended between the terms "consent" and "concurrence," or in what sense it can be said that this pole was maintained with the consent and without the concurrence of the plaintiffs. If the mainte-

nance of the pole had involved any affirmative action on the part of the defendant, it might have been said that such action was without the participation or co-operation of the plaintiffs, but, as we have seen, no such action was involved. The defendant had neither set nor reset nor repaired the pole. It had simply left it (with the consent of the plaintiffs) where it was placed by the former contractor. Or, if the injury for which recovery was had had resulted from the use of the pole, it might properly have been found that the plaintiffs did not participate in such use. But, it must be observed, it was in the location and not in the use of the pole that the nuisance consisted. No wrongful or negligent use was alleged or proved. The injury to Maloney resulted not from any use of the pole, but only from its location. That it was permitted to remain in that location with the consent of the plaintiffs is affirmatively found ; and, as we have seen, no further concurrence on the part of the plaintiffs was, in the nature of the case, possible. Under these circumstances, consent and concurrence seem to be convertible terms. Such being the case, the plaintiffs are in the position of joint wrong-doers in the same fault with the defendant, and hence not entitled to claim indemnity or contribution from the latter.

The general rule which denies indemnity or contribution to joint wrong-doers is elementary. The cases in which recovery over is permitted in favor of one who has been compelled to respond to the party injured, are exceptions to the general rule and are based upon principles of equity. Such exceptions obtain in two classes of cases : 1st. Where the party claiming indemnity has not been guilty of any fault except technically or constructively, as where an innocent master is held to respond for the tort of his servant acting within the scope of his employment ; or, 2d. Where both parties have been in fault, but not in the same fault, towards the party injured, and the fault of the party from whom indemnity is claimed was the primary and efficient cause of the injury. Very familiar illustrations of the second class are found in cases of recovery against municipalities for obstructions to the highways caused by private persons. The fault of the latter is the creation of the nuisance, that of the former the failure to remove it in the exercise of its duty to care for the safe condition of the public streets ; the first

was a positive tort and the efficient cause of the injury complained of, the latter the negative tort of neglect to act upon notice, express or implied. Of the latter class are the cases cited by counsel for the respondents, of the *Village of Port Jervis* v. *First National Bank* (96 N. Y., 550); *Village of Seneca Falls* v. *Zalinski* (8 Hun, 575); *City of Rochester* v. *Montgomery* (72 N. Y., 65); *Lowell* v. *Boston and Lowell Railroad Corporation* (23 Pick., 24). The case at bar is distinguished from these and all similar cases by the fact, affirmatively found by the court, that the plaintiffs consented to the maintenance of the pole in the position in which the defendant received it from the former contractor. In most of the cases of this class the notice to the municipality, which charges it with negligence, is constructive merely (see *Lowell* v. *B. and L. R. R. Corporation, supra*); but even though the fact of negligence be established by proof of expresss notice, the fault of the municipality is negative and the latter is not in the same fault, or *in pari delictu* with the original wrong-doer. To this case we think the language of the Court by ALLEN, J., in *Johnson* v. *Oppenheim* (55 N. Y., 280), is fully applicable. "As one who has consented to an act cannot maintain an action for any loss sustained by him, so no one can avoid an obligation or relieve himself from a duty to another by the act of a third party, to which he has consented." On the grounds indicated, we think the first conclusion of law, to the effect that the pole in question was not maintained with the concurrence of the plaintiffs, and the final conclusion that the plaintiffs are entitled to recover against the defendant, were not warranted by the findings of fact or by the evidence in the case.

For these reasons the judgment should be reversed and a new trial granted, costs to abide event.

All concur.

Judgment reversed and new trial ordered, costs to abide event.