THE TRUSTEES OF THE VILLAGE OF CANANDAIGUA, Respondent, *v.* WILLIAM L. FOSTER, Appellant.

*Defect in a sidewalk — duty of a property owner as to the public — the municipality may recover over against him damages paid by it because of such defect — exceptions to the rule denying indemnity to joint wrongdoers.*

A defect consisting of a loose grating existed in a sidewalk of a village over an opening into a vault beneath, which grating was set by the property owner, with the acquiescence and consent, actual or implied, of the village authorities many years before the happening of an accident, caused by the same, which resulted in the personal injuries for which the person injured recovered damages against the village.

*Held*, that the village could not recover over against the property owner because of the original construction of the grating, whether it was good or bad.

Where, however, the opening into the vault was reconstructed and the grating was reset, without the consent or acquiescence of the village authorities, and, by reason of the improper manner in which such work was performed, the reconstructed opening and grating became a nuisance, the property owner and not the village is primarily liable for injuries to third persons resulting therefrom.

The general rule which denies indemnity or contribution to joint wrongdoers is elementary, and the cases in which recovery over is permitted in favor of one who has been compelled to respond to the party injured are exceptions to the general rule, and are based upon principles of equity. Such exceptions obtain in two classes of cases, viz., where the party claiming indemnity has not been guilty of any fault except technically or constructively, and where both parties have been in fault, but not in the same fault, towards the person injured, and the fault of the party from whom indemnity is claimed is the primary and efficient cause of the injury.

Where a property owner avails himself of a license by implication to make an opening in the sidewalk of a village, he does so under an implied contract not only to do the work in a safe and proper manner, but also to keep the structure in a safe condition by repairs, as the same may become necessary, and if he negligently permits the structure to fall into disrepair and to become dangerous to passengers on the sidewalk, and an accident results therefrom, the village, being subjected to the payment of damages thereby, is entitled to recover the same from the property owner.

APPEAL by the defendant, William L. Foster, from so much of an order of the Supreme Court, made at the Ontario Circuit and entered in the office of the clerk of the county of Ontario on the 17th day of January, 1894, as denies the motion made by the defendant upon the minutes of the court to set aside the verdict, and for a new trial of the action.

*C. A. Richardson* and *John Gillette*, for the appellant.

*John Colmey* and *Frank Rice*, for the respondent.

DWIGHT, P. J.:

One McSherry, in 1889, brought an action against the village of Canandaigua for injuries sustained by him in falling on a defective sidewalk, in front of premises of defendant, on one of the streets of that village. The plaintiffs in the present action, the defendants in the action brought by McSherry, gave the defendant Foster notice to defend the action and he undertook to do so. Judgment, however, went against the village, which the plaintiffs paid, and now bring their action over to recover of the defendant the amount so paid.

The defect in the sidewalk was a loose grating, covering the opening into a vault beneath. The vault was excavated and the grating set by the defendant many years before, with the acquiescence and consent, actual or implied, of the village authorities. (*Babbage* v. *Powers*, 130 N. Y. 281.) It was, therefore, out of the question that the plaintiffs should recover over against the defendant for the original construction, good or bad, of the vault and grating (*Trustees of Geneva* v. *Brush Electric Co.*, 50 Hun, 581; affd., 130 N. Y. 670), and so the court held at the Circuit. But the defendant reconstructed the opening and reset the grating in the summer of 1888, and the evidence on the part of the plaintiffs tends to show that this work was done in an improper manner, and that, in consequence of it, the grating soon after came to be in an unsafe condition, and that the accident to McSherry resulted therefrom. This evidence presented the main question which was submitted to the jury — and properly submitted, as we think. There was no evidence of consent, on the part of the village, to the reconstruction, nor lapse of time from which acquiescence could be inferred. If, therefore, the reconstructed opening and grating were a nuisance the defendant and not the village was primarily liable for injuries to third persons resulting therefrom. As we had occasion to say in the case of *The Village of Geneva* (*supra*): "The general rule which denies indemnity or contribution to joint wrongdoers is elementary. The cases in which recovery over is permitted in favor of one who has been compelled to respond to the party injured, are exceptions to the general rule, and are based upon principles of equity. Such exceptions obtain in two classes of cases: *First*, where the party claiming indemnity has not been guilty of any fault except technically or constructively, as where an innocent master is held to respond for the tort of his servant, acting within the scope of his employment; or, *second*, where both parties have been in fault, but not in the same fault, towards the persons injured, and the fault of the party from whom indemnity is claimed was the primary and efficient cause of the injury." ' Illustrations of the second class were found in cases like the present, " of recovery against municipalities for obstructions to the highways caused by private persons. The fault of the latter is the creation of the nuisance; that of the former the failure to remove it in the exercise of its duty to care for the

safety of the public streets.   The first was a positive tort and the efficient cause of the injury complained of ; the latter the negative tort of neglect to act upon notice, express or implied."   The cases here cited, of *Village of Port Jervis* v. *First National Bank* (96 N. Y. 550); *Village of Seneca Falls* v. *Zalinski* (8 Hun, 575); *City of Rochester* v. *Montgomery* (72 N. Y. 65), and many others of like character, are cases of the second class above ·described, and they clearly support the submission of this case to the jury with the instruction, in effect, that if they should find that in the reconstruction of the grating the defendant did the work improperly, and in such a manner as to make the use of the sidewalk dangerous, and that the accident in question resulted therefrom, then the plaintiffs might maintain their action over against the defendant.

The next following instruction of the court to the jury in this case related to the question of the defendant's neglect to keep the opening in the sidewalk and its covering in repair, without reference to that which was done by way of reconstruction in 1888.   The instruction was, in effect, that if the defendant negligently permitted the structure in question to fall into disrepair, and thus to become dangerous to passengers on the sidewalk, and the accident in question resulted therefrom, the village, being subjected to the payment of damages thereby, was entitled to recover the same from the defendant.

This instruction was, also, we think, correct, on the principle that the defendant, when he availed himself of the license by implication to make the opening in the sidewalk, did so under the implied contract not only to do the work in a safe and proper manner, but also to keep the structure in a safe condition by repairs, as the same should become necessary.   (*Babbage* v. *Powers*, 130 N. Y. 281, 286, and the cases cited.)   In *Babbage* v. *Powers* the defendant was held not liable as an original trespasser because of the implied license, as in this case, to make the opening, and the question of his neglect to keep it in repair was not considered, because, as is premised in the outset of the opinion of the court, no charge of negligence was made by the plaintiff.   Nor do we find this instruction to be in contravention of the principles established by the case of *The City of Rochester* v. *Campbell* (123 N. Y. 405), which arose on demurrer to the complaint, because the court there says : " It will be observed

that the complaint does not charge the defendant's testator with negligence, or the breach of any contract duty, but his liability is predicated wholly upon the statutory duty to repair, and the assumption that an omission to perform it imposes a liability in favor of all persons who may be injured by such omission."

It appeared in evidence that at the time of the accident to McSherry the premises to which the vault or coal hole was attached, being one store in a block owned by the defendant, was under lease to a man by the name of Parsons, for the term of three years from the 1st day of April, 1886; that the tenant was in possession from that date to and including the date of the accident, and that the lease contained no covenant on the part of the lessor to repair. At the close of the evidence, counsel for the defendant moved for the direction of a verdict on the ground, among others, that the defendant was not in possession or control of the premises at the time of the accident. The defendant also requested the court to charge the jury that if the grating was in proper position at the time the store was leased to Parsons, there could be no recovery against the defendant after that time. It is apparent that both the motion, on the ground stated, and the request to charge, were properly denied. Both ignored the facts which constituted one of the principal grounds upon which the plaintiffs claimed to recover, viz., those which related to the reconstruction of the opening and its cover in 1888. That was during the term of the lease, but the defendant as owner of the premises then assumed sufficient control to make the change in the structure complained of, and we have approved the submission to the jury of the question whether that new construction was made in an improper manner, which rendered the sidewalk unsafe for passengers and was the cause of the accident in question. This question was plainly unaffected by the lease to Parsons, and to have granted either the motion or the request above stated would have withdrawn that question from the jury.

We find no question in the case beyond those already considered which seems to require discussion.

The order appealed from should be affirmed.

LEWIS, HAIGHT and BRADLEY, JJ., concurred.

Order appealed from affirmed, with costs.