Hendrick, J.
The complaint alleges that plaintiff was driving his Ford delivery car in a northerly direction on the proper side of Main street at Dobbs Ferry, when defendant’s heavy truck came in a westerly direction down Chestnut street, at right angles into and across Main street, at an excessive rate of speed, *428 on the wrong side of the street and headed directly towards plaintiff’s car, thus placing plaintiff in a situation of such great danger that he was forced to turn to the left and drive upon the sidewalk, where his car injured Christine Stock. In a suit against Knippenberg and the present defendant she recovered $2,000 and costs and upon appeal the judgment was affirmed with costs. It is alleged that defendant had notice of the suit and was under duty to protect plaintiff, but failed and refused to do so.
The defense demurred to seeks to avoid this alleged duty by pleading that the defendant herein was also a defendant with plaintiff in the former action and that, at the end of the plaintiff’s case, the complaint against the present defendant was dismissed, while plaintiff herein was held liable. It is also alleged that plaintiff herein upon appeal withdrew his appeal so far as it affected the dismissal of the complaint as against defendant.
The dismissal of the complaint does not necessarily show that defendant’s conduct was not the primary and efficient cause of the injury to Christine Stock. It is apparent from the allegations of this complaint that she could establish a prima facie case against Knippenberg without connecting the defendant with the fact of Knippenberg’s car being on the sidewalk, where it had no right or privilege of being. If the verdict in her case imports that Knippenberg was negligent in having it there, the complaint herein ascribes defendant’s conduct as being the responsible cause. If that is so this plaintiff may recover over. Trustees of Geneva v. Brush Electric Co., 50 Hun, 581, 584. If the operation of defendant’s truck was so reckless as to justify plaintiff’s conduct in an attempt to escape from consequent imminent peril, defendant is responsible for the results that followed, whether they *429 could have been foreseen or not. Scott v. Shepard, 2 Wm. Black. 892; Vandenburgh v. Truax, 4 Den. 464; Lowery v. Western Union Tel. Co., 60 N. Y. 202. A plaintiff who, by reason of his and defendant’s negligence, has been compelled to pay damages to another, may recover indemnity, although but for his own negligence the injury would not have happened, if at the time it occurred, he could not and the defendant could have prevented it by ordinary care. Nashua Iron & Steel Co. v. Worcester & Nashua R. R. Co., 62 N. H. 159.
The defendant, in support of its defense, cites and quotes, if the unsigned memorandum in lead pencil submitted is defendant’s, from Fulton Co. G. & E. Co. v. Hudson R. T. Co. If that case is in point it is unfavorable to the defense here pleaded, which does not purport to state that defendant’s part in the occurrence by which plaintiff Stock was injured, was litigated in that action. The Court of Appeals, per Collin, J., said: “ The record therein may disclose a state of facts showing that the defendant is or is not liable over to the plaintiff. It may disclose that the facts through which the plaintiff demands the indemnity from the defendant were not litigated therein, and, if they were not, they may be litigated in this action through evidence not produced thereat; and if it is not clear from the record therein, upon what grounds damages were recovered against the plaintiff here, parol evidence is admissible to show what questions were actually litigated and decided.” Fulton Co. G. & E. Co. v. Hudson R. T. Co., 200 N. Y. 287, 289.
Defendant’s motion, therefore, is denied with ten dollars costs.
Motion denied, with ten dollars costs.