MUNICIPAL SERVICE REAL ESTATE COMPANY, INC., Respondent, Appellant, *v.* D. B. & M. HOLDING CORPORATION, Defendant, Impleaded with THE NATIONAL SUGAR REFINING COMPANY OF NEW JERSEY, Appellant, Respondent.

First Department, May 1, 1931.

*Horace R. Lamb* of counsel [*George M. Billings* with him on the brief; *Donovan & Raichle,* attorneys], for the respondent, appellant.

*Henry F. Cochrane* of counsel [*Walter J. Vreeland,* attorney], for the appellant, respondent.

McAvoy, J. The action proceeds on a breach of covenant and warranties of title and right to convey contained in a deed by which

the defendant D. B. & M. Holding Corporation transferred to the plaintiff certain real property, which included land under water in Queens county. The National Sugar Refining Company of New Jersey was not an original party but was brought in by the defendant D. B. & M. Holding Corporation under the provisions of the Civil Practice Act permitting a defendant to bring in a codefendant who it is alleged may be liable over in case the original defendant is found liable in damages.

The D. B. & M. Holding Corporation then served its pleading alleging a claim of breach of title to the premises against the National Sugar Refining Company of New Jersey. An answer was served by the impleaded defendant which consists of certain denials of the allegations of the complaint and certain affirmative defenses which purported to be defenses to the ground of action alleged in the complaint, but none of which alleges any controversy as to the claim of the defendant D. B. & M. Holding Corporation. It is this answer which is sought to be stricken out as unauthorized, and, if authorized, as insufficient. The order struck out from the answer three defenses based on statutes of limitation and denied the application to strike out the other defenses. Both parties appeal. The D. B. & M. Holding Corporation not being aggrieved has had no part in the motion below or on the appeal here.

We think that the impleaded defendant, the National Sugar Refining Company of New Jersey, cannot be heard with respect to the controversy between plaintiff and the original defendant, D. B. & M. Holding Corporation, since the plaintiff makes no claim against the National Sugar Refining Company of New Jersey, and is not interested in the liability over, which the D. B. & M. Holding Corporation asserts against the National Sugar Refining Company of New Jersey.

Notwithstanding this situation, the National Sugar Refining Company of New Jersey addresses all its denials and defenses in its answer against the allegation of the plaintiff's complaint. It does not answer the allegations of the cross pleading of the D. B. & M. Holding Corporation.

The National Sugar Refining Company of New Jersey did not claim the right to intervene. The plaintiff did not ask to have it brought into the action. There is nothing in the complaint which states a cause of action against it. It was not a grantor in the deed out of which this suit arises and was not necessary as a defendant for the ascertainment of any of the rights which plaintiff claims in its complaint. It is merely in this suit to indemnify the defendant D. B. & M. Holding Corporation against loss in the action on the ground that the National Sugar Refining Company of New Jersey

sold this same land to the D. B. & M. Holding Corporation under a warranty deed and, therefore, is bound to indemnify that company if plaintiff recovers against it.

The National Sugar Refining Company of New Jersey contends that as indemnitor it will be bound by any judgment which the plaintiff may obtain against the D. B. & M. Holding Corporation in the original controversy, and, therefore, it should be permitted to defend in its own name and right the merits of the original controversy, but the National Sugar Refining Company of New Jersey will not be bound by a judgment running against the D. B. & M. Holding Corporation unless the latter permits the National Sugar Refining Company of New Jersey to assume the defense of the action between the plaintiff and the D. B. & M. Holding Corporation. No prejudice will result to it by the denial of the right to separately answer the complaint. If it is allowed to plead to the complaint in the action against the D. B. & M. Holding Corporation, it will have twice defended against the plaintiff's claim: *First*, as indemnitor in the right of the original defendant, and *second*, in its own name and right. Besides in an action at law for damages only, plaintiff cannot be compelled to litigate the issues with a defendant not of its own choosing. It has not chosen to sue the National Sugar Refining Company of New Jersey and should not be burdened with the maintenance of a cause of action against the additional defendant.

The plain intent of the statute, section 193, subdivision 2 (as amd. by Laws of 1923, chap. 250), of the Civil Practice Act, is to confer a privilege upon the defendant whereby he is given permission to frame a supplementary pleading in the nature of a cross complaint against the party sought to be brought in, which, if sustained, entitles him to judgment against his codefendant. The plaintiff may not be compelled to accept the impleaded defendant's liability in substitution of that of the primary defendant whom it sought and elected to sue. Its contract runs with the original defendant. The liability arising out of that contract may not be impaired or its obligation diminished by bringing in a proposed party which process may impede and prejudice the conduct and result of plaintiff's suit. Since, therefore, the National Sugar Refining Company of New Jersey is not a necessary party to the action and cannot intervene in the action of its own right and will not be allowed to compel the plaintiff to join it in the action as a party defendant, it ought not to be permitted to obtain a judgment against the plaintiff dismissing the complaint when the plaintiff may not have judgment against it as an added defendant.

The order should be modified by granting the motion to strike out the answer of the National Sugar Refining Company of New Jersey in its entirety, and as so modified affirmed, with ten dollars costs and disbursements to the plaintiff, with leave to the National Sugar Refining Company of New Jersey to answer over against its codefendant, D. B. & M. Holding Corporation, within twenty days from service of order with notice of entry thereof upon payment of said costs, on the ground that a third person impleaded defendant is unauthorized by any provision of the Civil Practice Act to raise denials and defenses against the plaintiff's complaint.

FINCH, P. J., MERRELL and TOWNLEY, JJ., concur; MARTIN, J., dissents.

MARTIN, J. (dissenting). I agree that the first three defenses should have been stricken out. I dissent from the opinion of the majority of the court herein which holds that the answer of defendant National Sugar Refining Company of New Jersey should be stricken out.

Order so far as appealed from modified by granting motion to strike out the answer of the National Sugar Refining Company of New Jersey in its entirety, and as so modified affirmed, with ten dollars costs and disbursements to the plaintiff, with leave to the National Sugar Refining Company of New Jersey to answer over against its codefendant, D. B. & M. Holding Corporation, within twenty days from service of order upon payment of said costs, on the ground that a third person impleaded defendant is unauthorized by any provision of the Civil Practice Act to raise denials and defenses against the plaintiff's complaint.