HENRY L. MARSH and Others, as Sewer Commissioners of Sewer District No. 2 in the Town of Brighton, Monroe County, Plaintiffs, *v.* THE STANDARD ACCIDENT INSURANCE COMPANY, Defendant, GEORGE G. JOSH, INC., Brought in as Additional Defendant.

Supreme Court, Monroe County, August 18, 1931.

*Harris, Beach, Folger, Bacon & Keating,* for the plaintiffs.

*Redfern & Forsyth,* for the defendant George G. Josh, Inc.

*Hilbert & Keefe,* for the defendant Standard Accident Insurance Company.

Kenyon, J. The plaintiffs in this action by motion asked to have a counterclaim interposed by an additional defendant, George G. Josh, Inc., which is directed solely against the plaintiffs' complaint, dismissed.

The intention of section 193, subdivision 2, of the Civil Practice Act was not to add to the burdens of the plaintiff, but to confer a privilege upon the original defendant by permitting him to frame a supplemental pleading and serve it upon the party sought to be brought in, which, if sustained, would entitle him to a judgment against the latter. (*Federal Lighterage Co., Inc.,* v. *Italia-American Shipping Corporation,* 125 Misc. 181, at p. 182.) (See, also, *Municipal Service Real Estate Co., Inc.,* v. *D. B. & M. Holding Corporation,* 232 App. Div. 183, 184.)

The Appellate Division, First Department, State of New York, in the case of *Municipal Service Real Estate Company, Inc.,* v. *D. B. & M. Holding Corporation,* referring to the National Sugar Refining Company, which had been brought in as an additional defendant, granted an order striking out the answer, which answer contained only defenses running against the plaintiffs' complaint.

Among other things, the court said:

" The plaintiff did not ask to have it [the National Sugar Refining Company] brought into the action. There is nothing in the complaint which states a cause of action against it. * * * Besides in an action at law for damages only, plaintiff cannot be compelled to litigate the issues with a defendant not of its own choosing. It has not chosen to sue the National Sugar Refining Company of New Jersey and should not be burdened with the maintenance of a cause of action against the additional defendant.

" The plain intent of the statute, section 193, subdivision 2, of the Civil Practice Act, is to confer a privilege upon the defendant whereby he is given permission to frame a supplementary pleading in the nature of a cross-complaint against the party sought to be brought in, which, if sustained, entitles him to judgment against his codefendant. * * * Its contract runs with the original defendant. The liability arising out of that contract may not be impaired or its obligation diminished by bringing in a proposed party which process may impede and prejudice the conduct and result of plaintiff's suit. Since, therefore, the National Sugar Refining Company of New Jersey is not a necessary party to the action and cannot

intervene in the action of its own right   *   *   *   it ought not to be permitted to obtain a judgment against the plaintiff dismissing the complaint when the plaintiff may not have judgment against it as an added defendant."

It would seem, therefore, that the pleading in defense interposed by the additional defendant must be directed to the supplemental pleading of the defendant, who sought to have the additional party made a party to the action.

The plaintiffs brought this action by the service of a summons and complaint upon the original defendant. The original defendant upon order of the court served upon the additional defendant, George G. Josh, Inc., a supplemental summons and a pleading by which the additional party was required, under section 193, subdivision 2, of the Civil Practice Act, to plead thereto to the end that the controversy between the moving party, i. e., the original defendant, and the additional defendant might be determined. The complaint was never served upon the additional defendant. Section 193, subdivision 2, of the Civil Practice Act does not contemplate that the additional party shall serve any pleading in the nature of an answer, or otherwise, upon the plaintiff, but only upon the original defendant, and there is no proviso in this subdivision that the differences, if any, between the plaintiff and the additional defendant be determined. It being a statutory procedure, the provisions of the statute cannot be exceeded, or departed from by any of the parties to the action. The additional defendant cannot, therefore, go beyond the provisions of the statute and litigate some matter he has against the plaintiffs, since subdivision 2 of section 193 of the Civil Practice Act does not by its provisions give it that authority.

In the case at bar, all the allegations contained in the answer of George G. Josh, Inc., under the designation of counterclaim are directed against the plaintiffs' complaint. They are not directed against the supplemental pleading of the defendant Standard Accident Insurance Company.

The counterclaim should, therefore, be stricken out, with ten dollars costs and disbursements to the plaintiffs, with leave to the defendant George G. Josh, Inc., to answer over against the original defendant, the Standard Accident Insurance Company, within twenty days from the entry of this order. Let an order be entered accordingly.