ROSE HANDELMAN, Plaintiff, *v.* THE DIME SAVINGS BANK OF BROOKLYN and BROOKLYN EDISON COMPANY, INC., Defendants.

City Court of New York, Special Term, Kings County, October 25, 1937.

*Nathaniel Herman*, for the plaintiff.

*Monroe & Byrne*, for defendant Brooklyn Edison Company, Inc.

*Daniel Minor*, for the defendant The Dime Savings Bank of Brooklyn.

GEISMAR, J.   This is a motion to vacate an order impleading the Brooklyn Edison Company as additional party defendant.   The action is in negligence.   The defendant Dime Savings Bank obtained the order under the provisions of section 193 of the Civil Practice Act.   The facts, so far as material, are that an employee of the Brooklyn Edison Company, without warning, notice or previously posted guard, lifted a cellar door built into the sidewalk so that plaintiff fell and was injured.   It is established that for this negligence the Edison Company has purchased its freedom by paying to this plaintiff the sum of $200, and has obtained a release in full of all claims, the release containing the usual reservation.   Subsequent to the delivery of such release plaintiff has begun this action against the Dime Savings Bank as the owner of the property. It is clearly admitted by all parties that the original joinder of the Edison Company as codefendant herein upon application of the

defendant bank is based upon the right of the bank to indemnity as over against the Edison Company. (*Scott* v. *Curtis*, 195 N. Y. 424; 31 C. J. 454, 455; 2 Mason N. Y. Negligence, pp. 1395, 1396.) At the outset it must be kept in mind that the Edison Company is not impleaded here and it is not sought to implead said company as a joint tort feasor. Such interpleader of a joint tort feasor cannot be gotten by a defendant sued as a tort feasor, and can be accomplished only on application of a plaintiff. (*Fox* v. *Western New York Motor Lines, Inc.*, 257 N. Y. 305.) Further, there is a pronouncement in this case that lends itself to the broad holding that a codefendant may not bring in another not only as joint tort feasor but even as indemnitor under section 193 of the Civil Practice Act. The opinion says: " Section 211-a has in no way modified or extended section 193, subdivision 2, of the Civil Practice Act or the limitations placed upon it by the courts. * * * A plaintiff may now sue as many defendants as he pleases whom he thinks may be liable in negligence for his damages. The Legislature has not yet given this same choice to the defendants to bring in other parties whom they think should be liable *either in place of or jointly* with those whom the plaintiff has selected." (Italics are mine.) The words " either in place of " must refer to those liable to be held as indemnitors so that if this very precise language is followed, it results that a defendant may never be permitted to bring in another as codefendant no matter upon what theory the liability over of the additional defendant is predicated, and neither section 211-a nor section 193 can be invoked to this end. Furthermore, if now we confine ourselves to the contemplation of the charged liability of the Edison Company as indemnitor, it must appear clearly that, since the Edison Company has completely satisfied the plaintiff's claim as to any negligence of its own by means of a general release, it has likewise satisfied all the world or any one who might claim under the plaintiff because of a right to indemnity. On the trial of this action the defendant bank may not be assessed in damages for any negligence of the Edison Company, and the release properly pleaded as it is in the answer must defeat any such claim if attempted to be made. The net resultant is that the defendant bank cannot have any claim over against the Edison Company in any event under this present action, whether as joint tort feasor or as indemnitor. (See, also, *Goodman* v. *Valentine*, N. Y. L. J. Oct. 23, 1937, p. 1313.)

The motion is granted. Submit order.