NONA McLAUGHLIN, Respondent, *v.* CITY OF SYRACUSE, Appellant.

Fourth Department, June 27, 1945.

*James C. Tormey, Corporation Counsel (John F. Hmiel* of counsel), for appellant.

*Gordon H. Mahley* for respondent.

HARRIS, J. The Special Term denied a motion by the defendant City of Syracuse, under section 193 (subd. 2) of the Civil Practice Act, to be permitted to bring in as additional parties defendant the owners of certain premises located in the city and who the city claims are or will be liable over to the defendant city for the claim made by the plaintiff against the city. From such order the defendant city appeals here. The parties who are the owners of the building in question and whom the city desires to bring in as parties defendant are Antonio Grosso and Rosaria Grosso. Their premises were adjacent to a sidewalk where occurred the accident which brought about this lawsuit. The plaintiff had left a store in such premises and was crossing or standing on the sidewalk when an icicle fell from the roof of the Grosso building and caused severe injury to the plaintiff. Subsequent to the accident, the plaintiff accepted from the Grossos the sum of one thousand dollars and furnished them with a release containing a covenant not to sue them, but permitting the plaintiff to pursue any remedy she would have against others liable for her accident. She began this action against the City of Syracuse on May 27, 1941, and the case was tried in the Supreme Court, Onondaga County, June 10, 1942, with the result of a verdict being directed in favor of the defendant on the ground that at the time of the accident the plaintiff was on private property and not on any property over which the defendant city had any jurisdiction or control. The judgment entered on such decision at the time of the trial was reversed by the Appellate Division of the Fourth Department, which held that there were questions of fact that should have been submitted to the jury and for that reason a new trial was granted. (266 App. Div. 907.) Prior to the trial of this action and in April, 1942, the Grossos were served with a notice by the City of Syracuse advising them of the existence of the action and notifying them to come in and defend the same, the city stating in such notice that the primary cause of the accident was the faulty construction of the Grosso building from which the icicle fell. The Grossos did not come in and defend but on the trial Mr. Grosso was a witness on behalf of the city. On the trial facts were presented from which a jury could conclude that the construction of the roof was so faulty that the accumulation of snow and ice on such roof would result in injury to persons passing by the building by the falling of such snow and ice, and that such fault could have been corrected by guards being built on the roof. The plaintiff claimed that the city ordinances of Syracuse placed on the city the duty of compelling

the correction of the faults on the roof and to guard passersby from injury due to falling of substances from the roof, and that the city had failed in its duty to users of the sidewalk by not protecting them from the dangers incident to the construction of the roof of the Grosso property. In its answer, the city denied liability both generally and by the assertion that the injuries to the plaintiff, if any, came from her own negligence or from that of third parties.

The Special Term, in denying the motion, wrote an opinion (50 N. Y. S. 2d 554) stating that it denied the motion because the jury hearing the second trial might be confused by the fact that the Grossos had paid to the plaintiff the sum of one thousand dollars, and thus would be led into holding the defendant city free from liability. Bearing in mind that on the question of damages, the defendant city would be entitled to show that the plaintiff had received some compensation from a third party, this reason given by the Special Term has no substantial basis. A further reason given by Special Term is that of laches, because the action was brought in 1941 and this application was not made until 1944. This lapse of time is not important when one considers that the action is approaching a new trial and whatever delays occurred were not due to the city defendant, and when there is further considered the prompt notice that the defendant city gave to the Grossos to come in and defend. As authority for its ruling, the Special Term draws attention to what it calls " a very similar situation " discussed in *Handelman* v. *Dime Savings Bank of Brooklyn* (164 Misc. 651). There the City Court of New York vacated an order impleading third parties, reciting as one reason therefor that the defendant bank and the third parties were joint tort-feasors, and further that when the third party bought its peace with the plaintiff there it satisfied " all the world or any one who might claim under the plaintiff because of a right to indemnity." The purchase of peace from an accuser by one accused of a tort does not absolve the purchaser from liability to one to whom the payor stands as an indemnitor. Considering the reservation of rights against others and that the claim between the defendant and the alleged indemnitors is a separate cause of action (*Trustees of Canandaigua* v. *Foster*, 156 N. Y. 354, affg. 81 Hun 147; *Scott* v. *Curtis*, 195 N. Y. 424; *Mun. Serv. R. E. Co.* v. *D. B. & M. Holding Corp.*, 257 N. Y. 423, affg. 232 App. Div. 183), nothing is bought except the peace of the one injured. It is argued here and has been argued below and it may develop on trial that the defendant City of Syracuse and

the third parties (Grossos) property owners were joint tort-feasors as to the plaintiff. (*Khoury* v. *County of Saratoga*, 267 N. Y. 384, 389, 393; *Parness* v. *Halpern*, 257 App. Div. 678.) We are well acquainted with the rule that a joint tort-feasor ordinarily may not be brought in on the application of a defendant unless the plaintiff consents (*Fox* v. *Western New York Motor Lines, Inc.*, 257 N. Y. 305), but there are exceptions to such rule and the exceptions are well expressed in *Trustees of Canandaigua* v. *Foster* (81 Hun 147, 149–150): " ' First, where the party claiming indemnity has not been guilty of any fault except technically or constructively, as where an innocent master is held to respond for the tort of his servant, acting within the scope of his employment; or, *second,* where both parties have been in fault, but not in the same fault, towards the persons injured, and the fault of the party from whom indemnity is claimed was the primary and efficient cause of the injury.' Illustrations of the second class were found in cases like the present, ' of recovery against municipalities for obstructions to the highways caused by private persons. The fault of the latter is the creation of the nuisance; that of the former the failure to remove it in the exercise of its duty to care for the safety of the public streets. The first was a positive tort and the efficient cause of the injury complained of; the latter the negative tort of neglect to act upon notice, express or implied.' " The order on review before us falls within these exceptions and it appears from the record before us that on trial the defendant city, if held liable to the plaintiff, may be entitled to indemnity from the property owners (Grossos). (*Branch* v. *Town of Eastchester*, 258 App. Div. 727.) The object of the enactment of subdivision 2 of section 193 of the Civil Practice Act was to avoid multiplicity of actions and the relief for which provision is made in such section should be granted unless the order so granted would prejudice the plaintiff in her rights. Granting or denial of the motion is in the discretion of the court. (Civ. Prac. Act, § 193, subd. 2; *Mun. Serv. R. E. Co.* v. *D. B. & M. Holding Corp.*, 257 N. Y. 423, affg. 232 App. Div. 183.) By granting the motion on the application of the defendant City of Syracuse to bring in the property owners (Grossos) this litigation which has continued for several years, in event of a verdict adverse to the defendant city, can be concluded in the same trial on the same record as to the alleged liability over of the Grossos to defendant city, while denial of the motion would necessitate, in case of such verdict adverse to the defendant city, a further action and trial between the defendant city and the property owners thus caus-

ing the lapse of more time before the merits of the claims herein come to final disposition.

The appellant having shown good grounds for granting the motion and nothing substantial having been shown for its denial, the order of the Special Term should be reversed on the law, with $10 costs and disbursements, and motion granted, with $10 costs.

All concur. Present — TAYLOR, P. J., HARRIS, McCURN, LARKIN and LOVE, JJ.

Order reversed on the law, with $10 costs and disbursements, and motion granted, with $10 costs.